OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*739 Defendant was indicted for allegedly taking two leather jackets from the complainant at gunpoint. After a suppression hearing, the court granted defendant’s motion to suppress the two leather jackets on the ground that they were the product of an unlawful search and seizure. The trial court, over defense counsel’s objection, permitted the People to introduce on their direct case photographs of the very jackets that had been suppressed. A divided Appellate Division concluded this was error and reversed defendant’s conviction. On their appeal by leave of the dissenting Justice, the People do not dispute that the admission of the photographs was constitutional error, but contend that the error was harmless.
In a criminal case, constitutional error may be harmless only if it is "harmless beyond a reasonable doubt, that is, there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction” (People v Hamlin, 71 NY2d 750, 756, [citing Schneble v Florida, 405 US 427, 431; Chapman v California, 386 US 18, 24; People v Almestica, 42 NY2d 222, 226; People v Crimmins, 36 NY2d 230, 237]). In making that determination, a court must assess the quantum and nature of the evidence against the defendant, if the error were excised, and the causal effect the error may nevertheless have had on the jury (People v Hamlin, 71 NY2d 750, 756, supra).
In this case, the prosecution’s case was less than overwhelming. It rested on the testimony of the complainant whose credibility was impugned by his extensive criminal history. There is also a reasonable possibility that the photographs influenced the jury’s verdict. The photographs were the only evidence introduced at trial that corroborated the complainant’s story that he actually possessed two leather jackets, and they were the first items of evidence that the jury asked for during deliberations. Under these facts, it cannot be said that the admission of photographs of suppressed evidence was harmless beyond a reasonable doubt.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.