■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY WHITTED, Appellant. [604 NYS2d 1003] —Weiss, P. J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered April 15, 1992, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

During the evening of January 4, 1991 at the Landmark Tavern in the City of Schenectady, Schenectady County, undercover State Police Investigators Randy Patten and Theresa Temple separately made drug purchases from an individual they subsequently identified from police photographs as defendant. Following his conviction, defendant has appealed contending that error prejudiced his trial. Without having filed a notice of an alibi defense pursuant to CPL 250.20, defendant nevertheless based his defense upon an alibi showing not only that he was not at the subject tavern, but that he was helping friends move. County Court granted the prosecutor's motion to limit defendant's testimony and to strike that portion indicating with whom and where he had been. Defendant was limited to testifying only that he was not at the bar. Even with defendant's direct testimony so limited, the prosecutor cross-examined defendant concerning his whereabouts, what he was doing and who he was with. Moreover, over defendant's objection, the prosecutor was permitted to ask, "Would your memory be any different if I told you that I have an affidavit or statement from her landlord at 805 Lincoln that says she moved in on January 1, 1991?"* After defendant answered a follow-up question, and in response thereto, the prosecutor stated, "Yeah, and I just told you that her landlord said she moved in on January 1", buttressing the original statement-question. The landlord was never called and the affidavit never marked for identification. Essentially the prosecutor became an unsworn witness attacking both defendant's alibi defense, which he was precluded from developing on direct examination and which in fact was stricken from the record

---

* It should be noted that the landlord's affidavit had been made in a Department of Social Services file on Mary Ann Simmons, the person defendant claimed he was helping move on the night of the crime.

upon the People's motion, and defendant's credibility, the essential elements of the defense (see, People v Paperno, 54 NY2d 294, 300-301; People v Duncan, 13 NY2d 37, 41-42). The material referred to as an affidavit was vouched for by the prosecutor and amounted to significant testimony against defendant, upon which he had no effective means of cross-examination (see, People v Blake, 139 AD2d 110, 114). The error was compounded when County Court overruled defendant's objection, thus lending credence to contents of the facts assumed in the prosecutor's question.

In another apparent effort to attack defendant's credibility, the prosecutor commenced his cross-examination of defendant's witness Sean Merritt with this inquiry: "Q. And you're familiar back in December and January, December of 1990 and January of 1991 that Stanley Whitted was selling cocaine? You're aware of that, aren't you?" Over defendant's objection, the witness responded, "I have heard rumors." Again defendant objected, this time on hearsay grounds, but the objection was again overruled. A follow-up question of a similar nature resulted in the same answer. At the end of the cross-examination of Merritt, County Court made further inquiry and determined that Merritt's knowledge was based solely upon hearsay and then struck that portion of the testimony. The prosecutor again asked follow-up questions on that topic, to which County Court sustained objection and gave further admonition to the jury. However, the prejudice had already occurred.

Not only was the matter obviously hearsay which was immediately apparent upon the witness's original answer, but the topic related to defendant's prior bad acts and lacked any significant relevant probative value. The inquiry was highly prejudicial and designed to exploit the human tendency to more readily believe in the guilt of an accused person when it is known or suspected that he has previously committed similar crimes (see, People v Ventimiglia, 52 NY2d 350, 359; People v Molineux, 168 NY 264, 313). Because defendant's identity as the person selling drugs to the undercover police officers was the pivotal issue at trial, we cannot conclude that these unnecessary errors were harmless and, therefore, reversal is required.

In view of our holding, it is unnecessary to reach the other cited error. Accordingly, the judgment should be reversed both on the law and as a matter of discretion in the interest of justice, and the case remitted for a new trial.

Mercure, Crew III and White, JJ., concur. Ordered that the

judgment is reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to the County Court of Schenectady County for a new trial.