OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 Complainant, a 33-year-old woman, claimed that on February 22, 1992 she entered an elevator in her Queens apartment building, followed by defendant, who pinned her in the corner, threatened to kill her, blindfolded her and dragged her to the roof landing where he raped and sodomized her. She stated that after the attack, and in an effort to trap defendant and deliver him to the police, she exchanged phone numbers with him and arranged a meeting for the following day, at which time she had consensual sex with him at his apartment.
 

 In a statement to police, defendant claimed that he met complainant outside a neighborhood store, talked at length with her there and then in her apartment lobby, was invited by her to the roof landing where they had a consensual sexual encounter, exchanged phone numbers and made a date for the next day. The next day, the statement continued, defendant met complainant outside her apartment building and then traveled with her to his apartment in Brooklyn where they had consensual sex. Defendant was charged with rape and sodomy, two counts of attempted robbery, sexual abuse and two counts of assault.
 

 In light of defendant’s proposed consent defense, as well as the admittedly consensual sexual encounter after the alleged attack, the People sought to introduce evidence of defendant’s prior sexual misconduct related to his 1983 burglary convic
 
 *858
 
 tians. Specifically, the People sought to offer the testimony of several women that defendant had accosted them and demanded sex, fondled them or engaged in other sexually deviant behavior. The People claimed that such evidence was necessary to show his intent during the alleged attack on complainant. In accepting the People’s argument, the trial court noted that the prior misconduct evidence was necessitated by the "extraordinary” fact that, after the alleged rape, complainant "engaged in consensual sex” with appellant.
 

 After the trial court ruled that the People could call four of the women to testify as to defendant’s prior sexual misconduct, defendant announced that he would abandon his consent defense. Defendant was convicted of one count each of rape, sodomy, sexual abuse and attempted robbery, and the Appellate Division affirmed. Defendant now urges that the trial court’s ruling, which led him to give up his consent defense, denied him a fair trial. In the unusual factual circumstances presented, we agree.
 

 Evidence of uncharged crimes and offenses is "inadmissible if offered for no purpose other than to raise an inference that a defendant is of a criminal disposition and, therefore, likely to have committed the crime charged”
 
 (People v McKinney,
 
 24 NY2d 180, 184;
 
 see also, People v Molineux,
 
 168 NY 264, 291-294). Although intent is one of the elements of a crime for which prior misconduct evidence may be admitted, evidence of prior misconduct to prove intent is unnecessary where intent may be easily inferred from the commission of the act itself
 
 (see, People v Alvino,
 
 71 NY2d 233, 242;
 
 see also, People v Ingram,
 
 71 NY2d 474). In
 
 People v Hudy
 
 (73 NY2d 40, 56), we concluded that evidence of prior sexual misconduct was erroneously introduced when it tended to show only that " 'if defendant did it once * * * he would do it again; therefore, he probably abused the other children.’ ”
 

 Here, two starkly contrasting scenarios were presented, with only credibility in issue. If the trier of fact believed defendant’s version of events, complainant consented to a sexual encounter with him on the night of February 22, 1992. If the trier of fact found complainant more credible, defendant used force and threats to rape her, with intent readily inferable from the acts alleged. As in
 
 Hudy
 
 (73 NY2d at 56), the prior misconduct evidence was relevant only to lend credibility to complainant by suggesting that, because defendant had engaged in sexual misconduct with others, he was likely to have committed the acts charged. The evidence therefore was improperly ruled admissible
 
 (see, id.; People v Lewis,
 
 69 NY2d 321, 325).
 

 
 *859
 
 In view of this holding, we need not reach appellant’s additional arguments on this appeal.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.