■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD B. REILLY, Appellant. [796 NYS2d 726]—

Kane, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 6, 2003, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and forcible touching.

The victim awoke in her bedroom in the early morning to

find a man pushing his fingers into her vagina. As she grabbed his arm and asked what he was doing, the man ejaculated on her nightgown and ran from the bedroom. She found a ladder placed against the outside of her house leading to her kitchen window, where the screen and fan were removed. DNA from the semen on the victim's nightgown matched defendant's DNA profile. After trial, the jury acquitted defendant of burglary in the second degree, but convicted him of sexual abuse in the first degree and forcible touching. Defendant appeals.

Defendant argues that County Court erred in permitting the prosecution to admit evidence regarding a subsequent incident where defendant was found standing on a cinder block peering into a woman's bedroom window a few houses away from the victim's house. The People contend that this evidence fell within the *Molineux* exception for proof of criminal intent, shown through his modus operandi. To be admissible to prove intent under *Molineux*, a modus operandi must be "so unique as to make the evidence highly probative" (*People v Robinson*, 68 NY2d 541, 548 [1986]; *People v Allweiss*, 48 NY2d 40, 49 [1979]). The People argue that the evidence was probative here because defendant's statement and his defense theory indicated that defendant and the victim had a consensual sexual relationship and the circumstances surrounding the subsequent incident were similar. Yet there was no allegation of consent for defendant to look into the other woman's bedroom, and being a "peeping tom" is not uniquely similar to entering a locked home through a window and touching a woman's vagina while masturbating. Evidence of defendant's peeping incident was relevant only for the improper purposes of lending credibility to the victim's version and indicating a propensity for defendant to engage in voyeurism and sexual misconduct (*see People v Vargas*, 88 NY2d 856, 858 [1996]). Because evidence of this subsequent incident was not highly probative of intent and was extremely prejudicial, it was improperly admitted (*see People v Ely*, 68 NY2d 520, 529-530 [1986]).

This error was not harmless. We reverse because the proof against defendant, excluding this evidence, was less than overwhelming (*see People v Crimmins*, 36 NY2d 230, 241 [1975]; *People v Whitted*, 199 AD2d 634, 635 [1993]). The victim testified regarding her unusual conduct in not reporting a prior incident when she awoke to find defendant in her house and on top of her. She also did not report another occasion when defendant knocked on her door at 4:30 A.M., she opened the door for him and he kissed her without her consent. The evidence boiled down to a credibility determination of whether the jury believed

defendant's version of a consensual encounter or the victim's version of criminal behavior. Considering the conflicting evidence and the jury's acquittal of defendant on the burglary charge, convictions on the other charges was less than certain had this evidence been excluded.

Although the prosecutor's improper comments during summation that defendant was a "sexual predator" would not alone warrant reversal (*see People v Stephens [Evans]*, 2 AD3d 888, 890 [2003], *lvs denied* 2 NY3d 739, 746 [2004]; *People v Chapin*, 265 AD2d 738, 739 [1999], *lv denied* 94 NY2d 917 [2000]), these comments compounded the error of the improper admission of evidence of the peeping incident. Therefore, a new trial is required.

Based on our remittal, we address other issues that may arise on retrial. County Court properly denied defendant's motion to suppress his statements to the police. Defendant voluntarily went to the police station on his own after a request from the police, was informed that the police wanted to question him about a burglary, was informed of his *Miranda* rights, indicated that he understood those rights and freely agreed to talk without a lawyer present. The entire interview lasted less than two hours, he was given a beverage and was never restrained. Although the officer testified that he had enough evidence to charge defendant and planned to arrest him regardless of whether a statement was obtained, the officer told defendant that he was not under arrest. Defendant read the typed statement, chose not to make any changes to it and admitted it was the truth before he signed it. Under the circumstances, the statement was voluntarily made (*see People v Michaud*, 248 AD2d 823, 823-824 [1998], *lv denied* 91 NY2d 1010 [1998]). The lieutenant's assurance that he would inform the court that defendant was not a flight risk was not a promise in exchange for defendant signing the statement, nor was there any unfair deception which could induce a false confession (*see People v Tarsia*, 50 NY2d 1, 11 [1980]; *People v Dickson*, 260 AD2d 931, 932 [1999], *lv denied* 93 NY2d 1017 [1999]).

County Court did not abuse its discretion in its *Sandoval* ruling. The court ruled that should defendant testify, he could be cross-examined regarding his conviction for issuing a bad check, his 1992 conviction of an unspecified felony (burglary in the third degree) and his 1993 conviction of grand larceny in the third degree and another unspecified felony (burglary in the second degree), as well as the underlying facts of each conviction. The court properly limited the admissible underlying facts to the amount that defendant stole, not permitting inquiry into

the method of taking property by entering homes without permission. These convictions and the limited underlying facts were appropriate fodder for cross-examination because they demonstrated defendant's willingness to place his own interests above those of society (*see People v Harris*, 304 AD2d 848, 849 [2003], *lv denied* 100 NY2d 582 [2003]; *People v Kehn*, 132 AD2d 778, 779 [1987], *lv denied* 70 NY2d 800 [1987]).

Based on our remittal for a new trial, we need not address defendant's remaining contentions.

Crew III, J.P., Mugglin and Lahtinen, JJ., concur.

Carpinello, J. (dissenting). I respectfully disagree with the majority's conclusion that County Court misapplied the principles of *People v Molineux* (168 NY 264 [1901]) in permitting evidence of a subsequent incident wherein defendant was observed climbing on a cinder block and looking into the bedroom window of another young woman who lived a few houses from the victim. The Court of Appeals has expressly permitted such evidence where the act which forms the charged crime "is equivocal and, unless accompanied by some guilty knowledge, the transaction would not be criminal" (*People v Alvino*, 71 NY2d 233, 243 [1987]).

Here, defendant admitted entering the victim's home at night by standing on a chair and climbing through a window after removing its screen and a window fan. He also admitted encountering the victim upstairs in her bedroom and pushing his fingers in her vagina and ejaculating on her nightgown. The only dispute between defendant's version of events and the victim's was his allegation that this sexual contact was consensual. In my opinion, this presents the quintessential case where "evidence that defendant did the [charged] act may allow no ready inference of defendant's guilty state of mind. Thus, as a matter of necessity, evidence of prior [or subsequent] uncharged crimes is more likely to be admissible to create an inference of guilty knowledge" (*id.*). Having essentially admitted all of the conduct as alleged by the People but contesting only his "innocent intent," defendant's subsequent conduct was not only relevant but highly probative and thus properly admitted under *People v Molineux* (*supra*) (*see People v Ingram*, 71 NY2d 474, 479 [1988]). Finding no error in the admission of this evidence, I would affirm the judgment of conviction.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Broome County for a new trial.