■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESHAWN J. SIMMONS, Appellant. [814 NYS2d 827]—

Crew III, J.P. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered September 16, 2004, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree (three counts), gang assault in the second degree, robbery in the first degree (two counts) and robbery in the second degree (two counts).

The victim here was assaulted and robbed by a group of five people, one of whom was defendant. As a consequence, defendant was indicted and subsequently convicted of, among other things, two counts of robbery in the first degree for which he was sentenced to seven years of imprisonment and five years of postrelease supervision. Defendant now appeals.

We find no merit to defendant's contention that the verdict was against the weight of the evidence or that he was denied the effective assistance of counsel due to an alleged conflict of interest, although we do observe that County Court would have been better advised to have inquired whether defendant was aware of the conflict complained of here.

We are of a different view, however, regarding defendant's contention that County Court improperly permitted evidence of defendant's involvement in an assault that occurred one day before the incident that gave rise to the instant trial. The People offered and the court received evidence that defendant and another individual confronted a person at his apartment, at which time defendant struck that victim with a baton. This otherwise inadmissible evidence was offered as being probative of a common scheme or plan (*see People v Molineux*, 168 NY 264 [1901]). The People urge that the similarities of the two crimes, i.e., assaults involving multiple people, the use of weapons and that they each occurred in public places, satisfies the common scheme element espoused in *Molineux*. We disagree. "Mere similarity . . . between the crime charged and the uncharged crime is not sufficient" to establish a common scheme or plan as envisioned by *Molineux* (*People v Fiore*, 34 NY2d 81, 84-85 [1974]). Rather, the evidence must tend to establish a scheme "embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others" (*People v Molineux, supra* at 293). Put another way, there must be " 'such a concurrence of common features that the various acts are naturally to be explained as caused by a general plan of

which they are the individual manifestations' " (*People v Fiore, supra* at 85, quoting 2 Wigmore, Evidence § 304, at 202 [3d ed]). There is nothing in this record to suggest that the two crimes are so unique that one could conclude that each was perpetrated by one and the same person. Moreover, the proof here was not so overwhelming that we can conclude that the error was harmless. Accordingly, a new trial is warranted.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Cortland County for a new trial.