(August 10, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL HUNTER, Appellant. [819 NYS2d 620]—

Rose, J. Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 9, 2003, upon a verdict convicting defendant of the crime of burglary in the second degree.

The testimony at defendant's jury trial established that when the victim and her daughter returned home one afternoon, the daughter looked out a window and saw a man in their backyard on his hands and knees with his head in a broken basement window of their home. The daughter and the victim watched the man for a few minutes as he stood and seemed to be pulling at the first-floor window screens. The victim then stepped into her backyard to confront him. When she asked the man what he was doing, he cursed and ran away into the nearby woods. The victim reported the incident, gave a description of the man to police and, that evening, identified defendant from a photo array. Four days later, she identified defendant in a lineup. The victim again identified defendant at trial. In addition, defen-

dant's prior conviction of burglary in 1997 was admitted into evidence on the issue of whether he had intended to commit a crime at the victim's home. Despite his claim that he had never been at the victim's home and had been misidentified, defendant was found guilty of burglary in the second degree.

On defendant's appeal, we find merit in his argument that evidence of his conviction of burglary in 1997 should not have been admitted under an exception to the *Molineux* rule because it was not needed to establish his intent to commit a crime on the victim's premises. Although intent is an element for which evidence of a prior conviction may be admitted when the defendant's actions are equivocal and would not be criminal "unless accompanied by some guilty knowledge" (*People v Alvino*, 71 NY2d 233, 243 [1987]), such evidence is unnecessary where intent may be easily inferred from the actions themselves (*see People v Vargas*, 88 NY2d 856, 858 [1996]). Here, because defendant did not contest the issue of intent, the jury could readily find that he intended to commit a crime in the victim's home based upon his acts of placing his head in her broken basement window, cutting her first floor window screens and fleeing when she confronted him (*see People v Rivera*, 301 AD2d 787, 789 [2003], *lv denied* 99 NY2d 631 [2003]; *People v Ferguson*, 285 AD2d 838, 839 [2001], *lv denied* 97 NY2d 641 [2001]; *People v Orange*, 251 AD2d 238, 238 [1998], *lv denied* 92 NY2d 951 [1998]; *People v Mann*, 216 AD2d 796, 800 [1995], *lv denied* 86 NY2d 797 [1995]). Under these circumstances, the potential prejudice to defendant far outweighed the probative value of his prior conviction and it should not have been admitted (*see People v Vargas, supra* at 858 [1996]; *People v Park*, 12 AD3d 942, 944 [2004]; *People v Whitted*, 199 AD2d 634, 635 [1993] [1999]). Moreover, County Court also failed to adequately instruct the jury that this evidence must not be considered for the purpose of proving that defendant had a propensity or predisposition to commit the charged crime (*see* CJI2d [NY] *Molineux*). Inasmuch as the primary issue at trial was identification and the court did not expressly proscribe the jury's use of the prior conviction to identify defendant as the likely perpetrator here, we cannot say that the other proof of his guilt is so overwhelming as to render the error harmless (*see People v Simmons*, 29 AD3d 1219, 1221 [2006]; *People v Reilly*, 19 AD3d 736, 737-738 [2005]; *People v Whitted, supra* at 635; *compare People v Wright*, 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004] [where the defendant put the element of intent in issue and the evidence of an uncharged crime was therefore proper, failure to give a complete limiting instruction was found to be harmless).

Given our determination, we need not consider defendant's

remaining contentions other than his claim that the victim's identification should have been suppressed because the photo array that she viewed was unduly suggestive. Neither the use of only six photos (*see People v Yousef*, 8 AD3d 820, 821 [2004], *lv denied* 3 NY3d 743 [2004]) nor discrepancies between the victim's description and defendant's appearance mandate suppression (*see People v Lind*, 20 AD3d 765, 766-767 [2005], *lv denied* 5 NY3d 830 [2005]).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Warren County for a new trial.