[864 NE2d 607, 832 NYS2d 477]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD JACKSON, Appellant.

Argued January 10, 2007; decided February 22, 2007

### APPEARANCES OF COUNSEL

*Legal Aid Society*, New York City (*William Carney* and *Steven Banks* of counsel), for appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Dimitri Maisonet, Joseph N. Ferdenzi* and *Allen H. Saperstein* of counsel), for respondent.

### OPINION OF THE COURT

Memorandum.

The order of the Appellate Division should be affirmed.

In a rape prosecution, evidence of a prior uncharged sexual assault against another and defendant's simultaneously uttered out-of-court statement were admitted under *Molineux* to demonstrate defendant's motive and future intent to rape the victim in this case. The witness testified, "[the defendant] told me that [the victim] was lucky I was there, because if I wasn't there, it would be her."

Assuming that it was error to admit both the statement and the uncharged criminal conduct, the error was harmless.* Defendant was acquitted of three forcible rapes and convicted of three statutory rapes. " '[T]he testimony of a single witness [can be enough] to support a conviction' " (*People v Schulz*, 4 NY3d 521, 530 [2005], quoting *People v Arroyo*, 54 NY2d 567, 578 [1982]). Although corroboration is not necessary in support of a rape prosecution, the underage victim's testimony was bolstered by her prompt outcry the morning after the first rape occurred. Defendant had a key to the victim's home, giving him full access to the apartment at night, while the victim's mother was at work. While there was no physical evidence of rape, the

---

* We note that defendant's statement was sought to be admitted under *Molineux* to prove future intent. The accompanying rape simply provided a context for the statement and was used to complete the narrative. Defendant made no offer of another, neutral context for admission of the statement. Although both the concurring and dissenting opinions reason that defendant's statement was an admission, as the People failed to offer the evidence under that theory, the merits are not before us for review (*see People v Nieves*, 67 NY2d 125, 131 [1986] [People could not rely upon a theory of a statement's admission on appeal that the People did not advance at trial]).

medical testimony indicated that the results of the physical examination were not inconsistent with a rape having occurred two weeks earlier. To the extent that there were some inconsistencies in the victim's story regarding the dates the rapes took place, an expert in child psychology testified that it was normal for an adolescent rape victim to remember the rape itself, rather than peripheral details such as dates. Thus, there was no significant probability the jury would have acquitted defendant if not for the error.

The parties' remaining contentions are without merit.

SMITH, J. (concurring). I agree with Judge Pigott that, if admission of the challenged evidence was error, the error was not harmless, and therefore, like him, I reach the merits of the case. Unlike Judge Pigott, I conclude that there was no error, though I admit the case is not an easy one.

Defendant was charged with the forcible and statutory rape of a 14-year-old girl. He had been staying as a guest in the apartment of the girl's family. A young woman who also lived in the apartment, the baby-sitter for a younger child, was allowed to testify that, shortly before the event on which the prosecution was based, defendant had raped her, and had remarked while doing so "that [the 14-year-old] was lucky I was there, because if I wasn't there, it would be her." I think defendant's statement, in itself, was clearly admissible against him. The uncharged rape, in itself, was inadmissible under *People v Molineux* (168 NY 264 [1901]), but I conclude that the trial court had discretion to admit evidence of the rape to give meaning to the statement.

The apparent meaning of the defendant's statement is: "I would rape the 14-year-old if I couldn't rape you." I see no ground for doubt that such an expression of desire—even conditionally phrased—to commit the very crime for which he was on trial was admissible. Of course, there could be no hearsay objection to the admission of defendant's own statement when offered by the People. The briefs here, and the opinions below, discuss the applicability of *Mutual Life Ins. Co. v Hillmon* (145 US 285 [1892]), but I find *Hillmon*, a hearsay case, to be totally irrelevant.

It seems equally clear that the baby-sitter's testimony about the uncharged rape is the sort of evidence that *Molineux* would ordinarily bar. Evidence like this has a tendency "to demonstrate the defendant's bad character and general criminal propensity" and "there is a very real danger that the trier of

fact will overestimate its significance" (*People v Hudy*, 73 NY2d 40, 55 [1988]). I do not agree that the prejudice that inevitably flows from the admission of this sort of evidence was harmless in this case, which—as the majority's own summary shows— otherwise rested largely on the victim's uncorroborated word.

In short, the trial court faced a dilemma, which it summed up concisely:

> "[The evidence of the act] is prejudicial; there is no question about that. But [the statement is] extremely and highly probative. And to [admit] the statement without allowing the context of the act would make the statement meaningless and unintelligible to a jury . . . ."

The court could have resolved the dilemma in defendant's favor, by excluding both the statement and the uncharged crime, but it had excellent reasons not to do so. It would have been unfair to the People, and would have invited a miscarriage of justice, to conceal from the jury the highly relevant information that defendant had expressed a willingness to rape the girl he was accused of raping. The trial court decided instead to allow the baby-sitter to testify to both the statement and the act, taking precautions to minimize the prejudice to defendant. The court ordered that the testimony be kept as brief as possible, and gave a limiting instruction forbidding the jury to infer "that the defendant possessed a propensity or disposition to commit the crimes charged in this indictment."

This may not have been a perfect solution; with hindsight, a better approach might be imagined, that somehow conveyed the substance of defendant's statement to the jurors without disclosing the act that accompanied it. But no one suggested such an approach at the time, and I would not hold that the trial judge erred by failing to come up with one on his own. I think he did reasonably well with a difficult problem, and did not err in the ruling he made.

Pigott, J. (dissenting). I respectfully dissent and vote to reverse because, in my view, the trial court improperly admitted the testimony concerning the alleged uncharged sexual assault. Such error was not harmless and deprived defendant of a fair trial.

The trial court admitted testimony concerning defendant's uncharged sexual assault of a witness "as background evidence to provide a context for the statement and to complete the nar-

rative," phrases we have used numerous times in the context of *Molineux* (*see e.g. People v Till*, 87 NY2d 835, 837 [1995]; *People v Montanez*, 41 NY2d 53, 58 [1976]; *People v Gines*, 36 NY2d 932, 932-933 [1975]). However, we have cautioned that the admission of such uncharged crime evidence "is a delicate business" fraught with "the danger that [the] uncharged crime testimony may improperly divert the jury from the case at hand or introduce more prejudice than evidentiary value" (*People v Resek*, 3 NY3d 385, 389 [2004]). In my view, that is exactly what happened here.

My objection lies not with the admission of the statement itself, but with the inclusion of testimony concerning the uncharged sexual assault in conjunction with that statement. Thus, to the extent defendant's statement may have constituted an admission and was therefore properly admitted, the trial court could have fashioned a remedy that would have permitted the witness to testify to the alleged statement separately and apart from the alleged sexual assault.

I disagree with the majority that the admission of the uncharged sexual assault was harmless and therefore "there was no significant probability the jury would have acquitted defendant if not for the error" (majority op at 871). In cases involving sex offense crimes, we have repeatedly held that evidence of uncharged crimes "is 'inadmissible if offered for no purpose other than to raise an inference that a defendant is of a criminal disposition and, therefore, likely to have committed the crime charged' " (*People v Vargas*, 88 NY2d 856, 858 [1996], quoting *People v McKinney*, 24 NY2d 180, 184 [1969]; *see People v Hudy*, 73 NY2d 40, 54 [1988]).

In my view, evidence of the alleged uncharged sexual assault was probative only of defendant's propensity to commit rape. The trial court's determination that its admission was necessary to provide background information or complete the narrative was "nothing more than a disguised 'propensity' argument" prohibited by *Molineux* that should have been excluded (*Hudy*, 73 NY2d at 56). As the majority notes " 'the testimony of a single witness [can be enough] to support a conviction' " (majority op at 870, quoting *People v Schulz*, 4 NY3d 521, 530). It was therefore not only unnecessary but prejudicial for the trial court to allow the People to introduce evidence concerning the alleged uncharged sexual assault since the testimony of the complainant alone was sufficient to submit the case to a jury. The admission of the alleged uncharged sexual assault operated

solely "to lend credibility to [the] complainant by suggesting that, because defendant had engaged in sexual misconduct" with a witness, "he was likely to have committed the acts charged" (*Vargas*, 88 NY2d at 858, citing *Hudy*, 73 NY2d at 56). This critical error deprived defendant of a fair trial, and could hardly be considered "harmless beyond a reasonable doubt" (*People v Simmons*, 75 NY2d 738, 739 [1989]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO and READ concur; Judge SMITH concurs in result in an opinion; Judge PIGOTT dissents and votes to reverse in a separate opinion; Judge JONES taking no part.

Order affirmed in a memorandum.