■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN BROWN, Appellant. [837 NYS2d 807]—

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant. [837 NYS2d 808]—Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered May 10, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [4]). Contrary to the contention of defendant, the record establishes that he voluntarily, knowingly and intelligently waived his right to appeal (*see People v Zimmerman*, 219 AD2d 848 [1995], *lv denied* 88 NY2d 856 [1996]). The valid waiver encompasses defendant's challenges to the factual sufficiency of the plea allocution (*see People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]), the severity of the sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]), and County Court's suppression ruling (*see People v Kemp*, 94 NY2d 831, 833 [1999]). In any event, the court's assessment of the credibility of the police officers who testified at the suppression hearing is entitled to deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and the record supports the court's determination that the statements of defendant to the police were made voluntarily after he waived his *Miranda* rights (*see People v Gainey*, 34 AD3d 1250 [2006], *lv denied* 8 NY3d 880 [2007]). To the extent that the contention of defendant that he was denied effective assistance of counsel is not forfeited by the plea and survives the waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), we conclude that it is without merit (*see generally People v Ford*, 86 NY2d 397, 404 [1995]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Martoche, Centra, Fahey and Peradotto, JJ.