■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MARTIN, Appellant. [838 NYS2d 166]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Smith, J.), rendered June 15, 2004, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his application to substitute counsel. A criminal defendant is entitled to representation by an attorney of his own choosing (see People v Arroyave, 49 NY2d 264, 270 [1980]). However, before substitution of counsel is granted, good cause, such as a conflict of interest or irreconcilable differences, must be demonstrated (see People v Sides, 75 NY2d 822 [1990]; People v Gloster, 175 AD2d 258, 259 [1991]). "In determining whether good cause exists, 'a court must take into account such circumstances as whether present counsel is reasonably likely to afford a defendant effective assistance and whether the defendant has unduly delayed in seeking new assignment' " (People v Brown, 305 AD2d 422, 423 [2003], quoting People v Medina, 44 NY2d 199, 208 [1978]; see People v Tineo, 64 NY2d 531, 536 [1985]; People v Gloster, 175 AD2d 258 [1991]; People v Branch, 155 AD2d 473 [1989]).

The defendant's dissatisfaction with counsel stemmed from counsel's advice to him that he plead guilty instead of going to trial. Counsel, however, indicated that if the defendant still wished to go to trial, she would represent him to the best of her ability. Moreover, the defendant's application to substitute counsel was made on the eve of trial, with a jury already waiting, and included a request for a three-to-four-week adjournment. Under these circumstances, it was a provident exercise of discretion to deny the application.

It was not improper for the trial court to curtail cross-examination of a prosecution witness into the underlying facts of a pending charge against the witness, inasmuch as the witness had advised the court of her intention to invoke her privilege against self-incrimination (*see People v Perez*, 255 AD2d 403 [1998]). Further, the testimony sought to be elicited would have been cumulative matter relevant only to the witness's general credibility (*see People v Siegel*, 87 NY2d 536, 544 [1995]; *see also People v Corby*, 6 NY3d 231, 236 [2005]; *cf. People v Bartello*, 243 AD2d 483 [1997]).

The court properly admitted testimony concerning the circumstances of a prior threat to the complainant's life made by the defendant (*see People v Alvino*, 71 NY2d 233, 241 [1987]; *People v Jackson*, 29 AD3d 409 [2006], *affd* 8 NY3d 869 [2007]; *People v Crossland*, 251 AD2d 509 [1998]). Uncharged crimes accompanying highly probative threats may be admissible to provide a context for the threat and to complete the narrative (*see People v Jackson*, 8 NY3d 869, 870 n [2007]). The court providently exercised its discretion in determining that the entire incident's probative value exceeded the potential for prejudice to the defendant (*see People v Alvino, supra* at 242). Moreover, any prejudice was mitigated by the limiting instruction given by the court.

The charge, as a whole, conveyed the appropriate burden of proof (*see People v Fields*, 87 NY2d 821, 823 [1995]; *People v Russell*, 266 NY 147, 153 [1934]). Further, an expanded identification charge was not required (*see People v Calderon*, 185 AD2d 853 [1992]). Moreover, the defendant was afforded "meaningful representation" by counsel (*People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's contention regarding the admission of certain sneakers into evidence was not preserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v Mirenda*, 23 NY2d 439, 453 [1969]; *People v Shenouda*, 283 AD2d 446 [2001]).

The defendant's remaining contentions, including those raised

in his supplemental pro se brief, are without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.