■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BILLUPS, Appellant. [845 NYS2d 873]—

Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 8, 2006, upon a verdict convicting defendant of the crimes of burglary in the second degree (six counts) and criminal possession of stolen property in the third degree.

Charged with committing a series of burglaries, defendant sought to preclude testimony at his jury trial that, during interrogation, he had stated that he had previously pleaded guilty to an earlier, unrelated charge of burglary. Finding that the state-

ment fell within the state of mind or intent exception to the rule in *People v Molineux* (168 NY 264, 293 [1901]), County Court allowed the testimony. After the interrogating officer testified, County Court denied defendant's motion for a mistrial, but did give the jury cautionary instructions regarding its use of the testimony. The jury ultimately convicted defendant of, among other things, six counts of burglary in the second degree. Defendant appeals, and we reverse.

The *Molineux* rule requires that evidence of a defendant's prior bad acts or crimes be excluded unless it is probative of a material issue other than criminal propensity and its probative value outweighs the risk of prejudice to the defendant (*see People v Resek*, 3 NY3d 385, 389-390 [2004]; *People v Till*, 87 NY2d 835, 836 [1995]). As is pertinent here, a defendant's state of mind and the element of intent are recognized exceptions to the *Molineux* rule (*see e.g. People v Sessoms*, 200 AD2d 850, 851 [1994], *lv denied* 83 NY2d 915 [1994]). In making its ruling, however, County Court erroneously focused on defendant's state of mind during his interrogation rather than at the time he allegedly committed the crimes charged. Intent was not truly at issue here because it could be readily inferred from the accomplice's testimony describing defendant's participation in the series of burglaries. The issue of whether defendant had participated turned on whether the jury credited the accomplice's testimony. Thus, the evidence of the prior conviction would only tend to establish defendant's propensity to commit burglary and not "to negate the existence of an innocent state of mind" (*Matter of Brandon*, 55 NY2d 206, 211 [1982]; *see People v Alvino*, 71 NY2d 233, 242-243 [1987]). Had County Court correctly weighed these factors, the conclusion would have been that the potential prejudice of the evidence of the prior conviction far outweighed its probative value. "Although County Court attempted to ameliorate the prejudice to defendant via limiting instructions to the jury, inasmuch as the prior bad act evidence here concerned crimes which were essentially identical to the charged offense[s], we cannot conclude that the error herein was harmless beyond a reasonable doubt" (*People v Wallace*, 31 AD3d 1041, 1044 [2006] [citations omitted]; *see People v Simmons*, 29 AD3d 1219, 1221 [2006]; *People v Reilly*, 19 AD3d 736, 737-738 [2005]).

Given our determination, we need not consider defendant's remaining contentions.

Crew III, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.