(December 27, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANJULO TAYLOR, Appellant. [847 NYS2d 786]—

Peters, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 6, 2006, upon a verdict convicting defendant of two counts of the crime of burglary in the third degree.

In April 2005, a computer bag containing a laptop belonging

to a student at Albany Law School was stolen from the law review office. Upon a review of the school's security photographs, defendant was seen approaching the office without a computer bag and exiting the area, moments later, with one draped over his shoulder. In June 2005, another Albany Law School student reported that, shortly after defendant requested to borrow a pen from her, her wallet was stolen. Later that day, defendant was observed at the College of St. Rose,[1] lingering in a workroom which was normally reserved for the storage of employee belongings. Based on these occurrences, defendant was indicted and charged with three counts of burglary in the third degree. Following a jury trial, he was convicted of two of those counts and acquitted of the charge stemming from the theft of the student's wallet at Albany Law School. Sentenced as a second felony offender to consecutive prison terms of $3^{1}/_{2}$ to 7 years, he appeals.

Defendant contends that reversible error occurred when County Court admitted a letter that he wrote to his paramour[2] after the burglaries occurred. It discussed his desire to have her train their infant son to steal and for her to become "a deceitful criminal." It further stated that "[t]his is a crime family" and "I'm in the crime lifestyle for life." As defendant's letter was neither proof of a prior bad act nor an uncharged crime (*see People v Ventimiglia*, 52 NY2d 350 [1981]; *People v Molineux*, 168 NY 264 [1901]; *People v Schmid*, 124 AD2d 896 [1986], *lv denied* 69 NY2d 955 [1987]), but rather a statement of his general beliefs, we find no error in its admission since it was used to infer subjective intent where intent was a necessary element of the crime[3] (*see People v Hunter*, 32 AD3d 611, 612 [2006]; *People v Moore*, 285 AD2d 827, 828-829 [2001], *lv denied* 97 NY2d 685 [2001]). Moreover, County Court issued a limiting instruction pertaining to its use (*see People v Wilder*, 93 NY2d 352, 358 [1999]; *People v Scarola*, 71 NY2d 769, 777 [1988]).

Nor do we find it error when County Court permitted questioning concerning pictures that defendant had in his apartment as evidence of his interest in organized crime. Originally, County Court made a pretrial ruling to exclude a letter written by defendant to his paramour's mother, referencing, among

1. The College of St. Rose is located several blocks from Albany Law School.

2. Two letters written to defendant's paramour were admitted into evidence, but the letter containing the salutation "Hey, Beautiful" is the one challenged on this appeal.

3. Each crime occurred at an institution partially open to the public. Defendant contended that his purpose was to conduct research or to obtain information.

other things, his belief that he was "an organized criminal." After defendant testified, during his direct examination, that the "Hey, Beautiful" letter he wrote to his paramour was written out of anger and frustration, rather than an interest in a criminal lifestyle, the People were permitted to question defendant concerning the pictures in his apartment and the letter to his paramour's mother as a means of correcting what it believed was a misleading impression given to the jury (*see People v Rojas*, 97 NY2d 32, 36, 39 [2001]; *People v Fosmer*, 293 AD2d 824, 825-826 [2002], *lv denied* 98 NY2d 696 [2002]). As the record reveals that the People's cross-examination was both appropriate and conducted in good faith, we find no error.

Defendant's general objection at the close of the People's proof did not properly preserve the argument that the evidence was legally insufficient to support both convictions (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewed most favorably to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find the evidence was sufficient to enable a rational jury to conclude that defendant committed both of the charged crimes. Furthermore, upon our independent view of the record, we conclude that the verdict on each count was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, as the record reflects that defense counsel attempted to negotiate a plea bargain, made intelligent objections and adequately cross-examined witnesses, we find no basis to support the claim of ineffective assistance of counsel when we view counsel's actions in totality and at the time of representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Albanese*, 38 AD3d 1015, 1018-1019 [2007], *lv denied* 8 NY3d 981 [2007]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.

