OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered September 20, 2013, reversed, on the law, and the matter remanded for a new trial.
On November 25, 2010, defendant was arrested and charged with resisting arrest and two counts of operating a motor vehicle under the influence of alcohol or drugs. At the trial, the court, over objection, permitted the prosecution to introduce evidence during their case-in-chief that on November 3, 2010, approximately three weeks prior to the underlying incident, defendant pleaded guilty to unrelated charges of resisting arrest and disorderly conduct, in exchange for a promised sentence of conditional discharge. One of the conditions of the plea agreement was that defendant not be rearrested prior to sentencing. The plea allocution in connection with those charges was admitted into evidence to show defendant’s motive for resisting arrest in this matter, namely, to avoid the consequences of violating the plea agreement. The jury ultimately returned a guilty verdict to the charge of resisting arrest.
Evidence of a defendant’s prior crimes is generally inadmissible to establish a defendant’s propensity to engage in criminal behavior (see People v Molineux, 168 NY 264 [1901]). However, evidence of prior crimes may be relevant to show intent, motive, knowledge, common scheme or plan, or identity, and may be admissible if the probative value of the evidence exceeds the potential for prejudice to the defendant (see People v Alvino, 71 NY2d 233, 241-242 [1987]).
Here, while evidence of defendant’s prior guilty plea was probative of his motive for resisting arrest (see People v Till, 87 NY2d 835, 837 [1995]; People v Torra, 309 AD2d 1074, 1075 [2003], lv denied 1 NY3d 581 [2003]), the evidence should have *90 been excluded in light of the potential for prejudice. The prior conviction was for resisting arrest, the same crime here at issue, and defendant pleaded guilty in the prior case barely three weeks prior to the instant offense. In our view, the similarity of the prior conviction and the crime here charged, and the close, temporal proximity between the prior plea and the underlying incident, “raise an inference that . . . defendant is of a criminal disposition and, therefore, likely to have committed the crime charged” (People v Vargas, 88 NY2d 856, 858 [1996], quoting People v McKinney, 24 NY2d 180, 184 [1969]). “Although [Criminal] Court attempted to ameliorate the prejudice to defendant via limiting instructions to the jury, inasmuch as the prior bad act evidence here concerned [a] crime [ ] which w[as] essentially identical to the charged offense [ ], we cannot conclude that the error herein was harmless beyond a reasonable doubt” (People v Billups, 45 AD3d 1176, 1177 [2007], quoting People v Wallace, 31 AD3d 1041, 1044 [2006]).
Accordingly, the judgment of conviction is reversed and the matter remitted to Criminal Court for a new trial. In light of this disposition, we need not and do not address defendant’s remaining points.
Schoenfeld, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.