People v Alicea (2018 NY Slip Op 06024)





People v Alicea


2018 NY Slip Op 06024


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2014-06297
 (Ind. No. 5772/12)

[*1]The People of the State of New York, respondent,
v
Dave Alicea, appellant.


Paul Skip Laisure, New York, NY (Laura B. Indellicati of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Suzanne M. Mondo, J.), rendered June 17, 2014, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's application to substitute counsel. Indigent criminal defendants in New York are constitutionally guaranteed the right to effective representation by assigned counsel (see People v Smith, 18 NY3d 588, 592). "[T]he right to be represented by counsel of one's own choosing is a valued one, and a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (People v Sides, 75 NY2d 822, 824 [internal quotation marks omitted]). "In determining whether good cause exists, a trial court must consider the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance" (People v Linares, 2 NY3d 507, 510).
Here, the defendant's dissatisfaction with counsel stemmed from his counsel's advice that he accept the plea offer instead of going to trial. That was an insufficient basis for substitution of counsel (see People v Martin, 41 AD3d 616, 617; People v Schojan, 272 AD2d 932, 933).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court