People v Fields (2023 NY Slip Op 04074)

People v Fields

2023 NY Slip Op 04074

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, BANNISTER, MONTOUR, AND OGDEN, JJ.

575 KA 21-01016

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FUQUAN FIELDS, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (RICHARD S. PADO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered April 27, 2021. The judgment convicted defendant, upon his plea of guilty, of attempted aggravated harassment of an employee by an inmate. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the mandatory surcharge to $175, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment, which convicted him, upon his plea of guilty, of attempted aggravated harassment of an employee by an inmate (Penal Law §§ 110.00, former 240.32). Defendant contends that his plea was not knowingly, voluntarily or intelligently entered because the colloquy did not include an adequate recitation of the facts. Initially, defendant failed to preserve his contention for our review inasmuch as "he did not move to withdraw the plea or to vacate the judgment of conviction" (People v DeMarco, 117 AD3d 1522, 1522 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]; see People v Trinidad, 23 AD3d 1060, 1061 [4th Dept 2005]). In any event, defendant's contention is without merit because "where, as here, [a] defendant pleads guilty 'to a crime lesser than that charged in the indictment, a factual colloquy is not required' " (People v Zimmerman, 219 AD2d 848, 848 [4th Dept 1995], lv denied 88 NY2d 856 [1996]).
We agree with defendant, however, as the People correctly concede, that County Court erred in directing him to pay a mandatory surcharge that was greater than the amount set forth in Penal Law § 60.35 (1) (a) (ii). Although defendant failed to preserve for our review his challenge to the amount of the mandatory surcharge (see People v Calkins, 171 AD3d 1475, 1476-1477 [4th Dept 2019], lv denied 33 NY3d 1067 [2019]), we exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We therefore modify the judgment by reducing the mandatory
surcharge to $175 (see Penal Law § 60.35 [1] [a] [ii]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court