Scileppi, J.
The indictment charged defendant with the armed robbery of Hiram Green’s Liquor Store in Hicksville, Long Island (Nassau County) on November 27, 1965.
On the trial, the totality of the direct evidence against the defendant consisted of eyewitness testimony of a clerk who was on duty in the liquor store at the time of the robbery. In addition to this direct evidence, there was extensive testimony tending to establish that defendant had committed a similar robbery at a liquor store in Suffolk County approximately one week after the robbery charged in the indictment. This testimony established all of the details of this other robbery as well as of defendant’s arrest soon thereafter. In this respect there was testimony to the effect that within minutes of the Suffolk County robbery (the one not charged in this indictment) the police found the car used therein, abandoned several miles from the scene and^soon thereafter defendant was arrested relatively nearby. In that car the police found a pistol which was established by ballistic tests to be the very one used in both robberies. Moreover, there was testimony tending to establish that the car had been in the possession of the defendant prior to its being abandoned, i.e., that the license plates on the car had been issued to the defendant and that defendant’s palm print was found on the car.
On appeal the Appellate Division, Second Department, reversed defendant’s conviction. While we agree with the Appellate Division, that there should be a reversal of the conviction and thus a new trial, the rationale underlying the Appellate Division determination was erroneous. That court, in its *142 opinion, stated: ‘ ‘ The justification urged for the introduction of evidence of this crime was that it came within the ‘ identity ’ exception, as enunciated in People v. Molineux (168 N. Y. 264), to the general rule that the People cannot prove against a defendant any crime not alleged in the indictment. That exception is not available where the identity of defendant is established by other evidence a/nd is not truly in issue (29 Am. Jur. 2d, Evidence, § 322, p. 373). At bar the positive identification of defendant by the victim during the course of the trial in the absence of a defense which raises a genuine issue as to defendant’s identity precluded the People from attempting to establish identity by proving the commission of other crimes. Were we to hold otherwise, the fundamental rule that evidence of one crime is inadmissible to prove the disposition or inclination of the defendant to commit crime would be severely undercut.” (Emphasis added.)
Although it may be the rule in other jurisdictions (see 29 Am. Jur. 2d, Evidence, § 322, p. 373) that the identity exception enunciated in People v. Molineux (168 N. Y. 264) is not available where the identity of the defendant is established by other evidence (People v. Baskett, 237 Cal. App. 2d 712; Wakaksan v. United States, 367 F. 2d 639) we have never so held. We are of the opinion that unless the defendant’s identity is conclusively established, the identity exception set forth in Molineux should apply to enable the prosecution to adequately prove the defendant’s identity. In the instant case, since the single eyewitness was extensively impeached, defendant’s identity was not conclusively established.* It is, therefore, concluded that so long as the evidence adduced as to the Suffolk County crime was relevant on the issue of identity, the People should not have been precluded from introducing evidence of that crime merely because there was some other evidence in the case tending to establish the identity of the defendant. Nevertheless, the Appellate Division’s reversal of the conviction should be affirmed because some of the evidence introduced by the People, namely the details of the Suffolk County crime, *143 was not relevant on the issue of identity and, therefore, merely tended to establish defendant’s criminal disposition.
While it is true, as a general rule, that evidence material and relevant to prove the crime charged will not be rendered inadmissible simply because it also tends to establish that the defendant is guilty of a crime other than the one charged (People v. Place, 157 N. Y. 584; People v. Molineux, supra; People v. McLaughlin, 150 N. Y. 365), it is equally well established that the prosecution may not prove against a defendant, a crime not charged in the indictment merely to establish that the defendant has a propensity to commit crimes so as to raise a presumption that he would be more apt to have committed the crime charged (People v. Goldstein, 295 N. Y. 61; People v. Molineux, supra). The probative value of such evidence is generally outweighed by the danger that its admission would create substantial danger of undue prejudice to the defendant and it will, therefore, be excluded (People v. Harris, 209 N. Y. 70).
In People v. Molineux (supra, at p. 293) this court stated that: “ The exceptions to the rule cannot be .stated with categorical precision. Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial.” (Emphasis added.)
The court, however, added the following caveat to the identity exception: “ In the nature of things there cannot be many cases where evidence of separate and distinct crimes, with no unity or connection of motive, intent or plan, will serve to legally identify the person who committed one as the same person who is guilty of the other. The very fact that it is much easier to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime proves the dangerous tendency of such evidence to convict, not upon the evidence of the crime charged, but upon the super-added evidence of the previous crime.” (supra, at p. 313).
*144 It would appear, therefore, that generally, evidence of an uncharged crime allegedly committed by the defendant would not be admissible if the only connection between the two crimes is a .similar modus operandi. There must be some additional factor relating the crimes other than the similarity thereof, in order to permit evidence of the uncharged crime to aid in the proof of the one charged (see People v. Hill, 198 N. Y. 64; People v. Thau, 219 N. Y. 39; People v. Sharp, 107 N. Y. 427, 471). This is not to say, however, that in a proper case modus operandi would not be a sufficient connection, for we can envision crimes so unique that the mere proof that the defendant had committed a similar act would be highly probative of the fact that he committed the one charged; (e.g., the identifiable characteristics of the crimes committed by the notorious “ Jack the Ripper”). It is our opinion, however, that in the instant case, the crime charged is not so unique as to allow admission of evidence of the second crime on the theory of the similarity of the modus operandi.
The People have urged, however, that proof of the other robbery was nevertheless admissible since defendant’s use of the same gun in the commission of both robberies tended to establish the issue of his identity in the crime charged. While we agree that the evidence tending to establish that defendant was in possession of the same gun on both occasions was revelant and thus admissible on the issue of the defendant’s identity, in our opinion the prosecution went too far. Proof that defendant was in possession of the pistol one week after he had allegedly committed the robbery charged could have been properly adduced at the trial without the necessity of revealing the details of the Suffolk County crime. Therefore, the introduction of this damaging evidence could only have improperly allowed the jury to base their finding of guilt on the impermissible ground of criminal disposition. Accordingly, a new trial is mandated.
Accordingly, the order of the Appellate Division should be affirmed.

 Not only did the defendant extensively impeach the single eyewitness but he maintained throughout the trial that he was the victim of mistaken identity. Thus, identity was still very much in issue.