■ · THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDMUND VICTOR PICKETT, Appellant.—Appeal from a judgment of the County Court

of Broome County, rendered October 16, 1972, upon a verdict convicting defendant of the crimes of criminally selling a dangerous drug in the fourth degree, upon two counts involving two separate transactions. At the trial it was not disputed that an undercover agent for the police had on May 21, 1972 and again on June 2, 1972 purchased dangerous drugs in the City of Binghamton. The sole issue raised at trial was whether or not the undercover agent was correct in identifying the defendant as the person who sold him the drugs. Upon this appeal the defendant does not raise any question as to whether or not the record contains evidence proving the guilt of the defendant beyond a reasonable doubt. The defendant contends that the trial court erred in permitting the undercover agent in regard to the transaction of June 2, 1972 to testify that he observed the defendant on that date using a hypodermic syringe to inject himself with drugs. The particular basis for this objection is that it constitutes proof of a crime other than that for which the defendant was charged and should be excluded because it was merely for the purpose of establishing a propensity to commit crimes. (Cf. *People v Condon,* 26 NY2d 139.) However, in the context in which this evidence was adduced in the present case, the police agent had just completed testimony as to the fact that on June 2, 1972 the defendant had offered him a packet which was supposed to contain a drug described as "speed" for a price of $10. After the agent gave the defendant the money, the defendant still retained possession of the packet and asked the agent to go to his, the agent's, apartment so that the defendant could use some of the drug. The description of the events at the apartment were material to when the agent actually received possession of the drug, which would be a necessary element of the crime. Accordingly, there was no improper evidence as to collateral crimes in this regard. Furthermore, it does not appear that in this particular case the evidence as to the collateral crime of possessing a hypodermic syringe would in any way be prejudicial to the defendant. During the trial, defense counsel upon cross-examination requested the Grand Jury minutes and was apparently given the Grand Jury minutes as to the testimony of the undercover agent which resulted in the instant indictment. During the course of cross-examination the agent testified in response to a question that he had been in Binghamton prior to the trial for "some type of legal proceeding here. I think it was the Grand Jury indictment for Victor Pickett [defendant] for possession of a sawed off shot gun." Upon this appeal, the defendant contends that there was error because the District Attorney in furnishing Grand Jury minutes for the purpose of cross-examination did not furnish the testimony of the agent before the Grand Jury which resulted in a separate indictment for the unlawful possession of a weapon. (Cf. *People v Rosario,* 9 NY2d 286.) It is apparent from the record that defendant's counsel upon cross-examination became aware of the fact that the undercover agent had testified before a Grand Jury in regard to the other indictment and significantly no request was made by counsel for such testimony and no objection was made at trial as to the District Attorney not having furnished all of such testimony as the defendant was entitled to receive. Accordingly, *if* there was any error, it was waived by the failure of defense counsel to raise the issue at the trial. The respondent in its brief notes that subsequent to the trial and conviction, the defendant moved pursuant to CPL article 440 to set aside his conviction upon the ground that there had been error in not furnishing the above-mentioned additional Grand Jury minutes, and that the trial court denied such motion. Defendant also contends that the prosecutor made improper and prejudicial comments in his summation at the trial. However, there

were no objections taken to the comments now claimed to be prejudicial and it does not appear that in the context in which they were made, that they were prejudicial. The record establishes that the defendant received a fair and impartial trial and that the evidence of his guilt amply met the requirement of proof beyond a reasonable doubt. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ. concur.