■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAE LEWIS, Appellant.—Judgment, Supreme Court, New York County, rendered February 24, 1977, convicting defendant after a jury trial of criminal sale of a controlled substance in the second degree and sentencing her to an indefinite term of six years to life, reversed, on the law, and the case is remanded for a new trial. The defendant was charged with the sale of narcotics to an undercover police officer on September 12, 1975. That officer testified that the defendant sold him four glassine envelopes containing heroin which she had obtained from another. Two other narcotics officers, observing these events from a distance, confirmed that it was the defendant who was in contact with the undercover officer, although their testimony diverged to the extent that they had not observed the defendant receiving the envelopes from another person. The defendant, a young woman never previously convicted of a crime, flatly denied in her own testimony that she had participated in the transaction or had ever sold narcotics. Although the evidence was clearly sufficient to support the jury's verdict, the conviction must be reversed and the case remanded for a new trial because of prejudicial error that occurred during the testimony of one of the police witnesses concerning his observations of the defendant on September 18, 1975, six days after the crime charged and two months prior to the defendant's arrest. While it was clearly relevant to establish the ability of this witness to recognize the defendant on a date close in time to that of the transaction charged, his testimony went beyond that appropriate purpose, and gave a description of her movements on that date that unmistakably suggested her continuing involvement in unlawful narcotics activity. It seems clear that this testimony was carefully elicited to convey just that impression. This was error *(People v Condon,* 26 NY2d 139, 144) and under the circumstances we believe the error was prejudicial. Concur—Birns, J. P.,

Silverman, Lane and Sandler, JJ.; Yesawich, J., dissents in a memorandum as follows: I would affirm. The issue of defendant's identity was vigorously disputed and the challenged testimony was therefore both relevant and admissible. In that testimony the officer said nothing of drugs or money changing hands nor even that defendant had behaved suspiciously. Moreover the undercover officer's unimpeachable identification of the defendant, standing alone, is enough to support the jury's verdict.