■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MADDOX, Also Known as TONI MALDEN, Appellant. —Appeal by the defendant from a judgment of the County Court, Westchester County (Berke, J.), rendered June 27, 1985, convicting him of robbery in the third degree, grand larceny in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant argues that the trial court erred in permitting the prosecution to introduce evidence of two prior uncharged bank robberies. We agree. Proof of these uncharged crimes was not probative of any element of the crimes charged and served only to establish the defendant's predisposition to commit the crimes charged *(see, People v Robinson,* 68 NY2d 541; *People v Condon,* 26 NY2d 139). Contrary to the People's contention, the evidence that the defendant committed two bank robberies in the area on other occasions was not admissible to prove the identity of the perpetrator of the robbery in the instant case, since the modus operandi of the robberies was not so unique as to serve as proof that they were committed by the same person *(see, People v Condon, supra,* at 144; *cf., People v Beam,* 57 NY2d 241; *People v Allweiss,* 48 NY2d 40, 47-48).

The admission of evidence of an uncharged crime on the issue of identity on less than clear and convincing proof of a unique modus operandi is error requiring reversal *(see, People v Robinson, supra,* at 550). Accordingly, a new trial is mandated. Mangano, J. P., Bracken, Lawrence and Spatt, JJ., concur.