■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. MIGUEL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch,

J.), rendered April 7, 1987, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant argues that the trial court erred in permitting the prosecution to introduce evidence of two prior uncharged attempted larcenies. We agree. Proof of these uncharged crimes was not probative of any element of the crimes charged and served only to establish the defendant's predisposition to commit the crimes charged (see, People v Robinson, 68 NY2d 541; People v Condon, 26 NY2d 139; People v Maddox, 138 AD2d 749). Contrary to the People's contention, the evidence that the defendant attempted two larcenies in the same store on other occasions was not admissible to prove the identity of the perpetrator of the larceny in the present case, since the modus operandi of the larcenies was not so unique as to serve as proof that they were committed by the same person (see, People v Condon, supra, at 144; cf., People v Beam, 57 NY2d 241; People v Allweiss, 48 NY2d 40, 47-48).

The admission of evidence of an uncharged crime on the issue of identity on less than clear and convincing proof of a unique modus operandi is error requiring reversal in light of the lack of overwhelming proof of guilt (People v Robinson, supra, at 550; People v Maddox, supra, at 749). Accordingly, a new trial is mandated. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.