■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ANDERSON, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., at trial with a jury), rendered on or about October 19, 1988, convicting defendant of robbery in the first degree and attempted robbery in the first degree and sentencing him to concurrent, indeterminate terms of imprisonment of from 7½ to 15 years and from 5 to 10 years, respectively, unanimously affirmed.

Defendant was convicted of a robbery which took place at the turnstile entrance to the subway. The principal issue on appeal concerns the introduction of testimony with respect to defendant's part in an unrelated, but similar assault committed one week earlier in a subway car. Both crimes had a unique hallmark. The defense was mistaken identification. We find that the testimony regarding the prior incident was properly received. *(People v Condon,* 26 NY2d 139, 142.)

Defendant also argues that the court failed to give limiting instructions and that the prosecutor improperly exploited the

testimony concerning the prior incident. Neither claim, however, is preserved. In any event, the court properly instructed the jury that identification was a "critical aspect" of the case, and that it should consider carefully all the factors affecting a witness's opportunity to observe defendant during the incident, including any viewing "on any other occasion", as well as the circumstances thereof. Similarly, the prosecutor's characterization of the earlier incident as a "game" or "scam" was not inappropriate in light of the testimony. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.