■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK ARCHIE, Appellant. [607 NYS2d 55] —Appeal by the defendant of a judgment of the Supreme Court, Kings County (Vinick, J.), rendered August 21, 1991, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Where a witness and a defendant are known to each other, the identification is confirmatory and there is no issue of suggestive or misleading identification within the purview of CPL 710.30 *(see, People v Rodriguez,* 79 NY2d 445, 449-450; *People v Gissendanner,* 48 NY2d 543). Here, given that the complainant told the police immediately following the robbery that he knew the defendant from the neighborhood, gave a description that closely matched the defendant's actual appearance, and indicated that he and the defendant had a mutual acquaintance, the trial court properly found that the People met their burden of showing that the subsequent identification was merely confirmatory. Significantly, the trial court permitted the defendant an opportunity to examine the complainant outside the presence of the jury as to the witness's prior knowledge of the defendant and to explore the suggestiveness of the pretrial identification *(see, People v Williamson,* 79 NY2d 799, 800-801; *People v Addison,* 174 AD2d 627, 629; *People v Brin,* 190 AD2d 512; *People v Vargas,* 118 Misc 2d 477, 480-485).

Furthermore, the trial court properly admitted evidence

that the defendant and an unidentified perpetrator committed another robbery minutes after the charged crimes as being relevant to the issue of identity *(see generally, People v Robinson,* 68 NY2d 541; *cf. People v Maddox,* 138 AD2d 749). The defendant's contention that the trial court's limiting instruction was inadequate is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Williams,* 50 NY2d 996, 998; *People v Silva,* 187 AD2d 467, 468) and in any event, is without merit.

Any error in the trial court's modified *Dawson* charge *(see, People v Dawson,* 50 NY2d 311) was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Ayala,* 75 NY2d 422; *People v Crimmins,* 36 NY2d 230). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.