■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE LUIS RODRIGUEZ, Respondent. [711 NYS2d 504] —Appeal by the People from an order of the Supreme Court, Kings County (Juviler, J.), dated March 30, 1999, which granted the defendant's motion to set aside a jury verdict convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, and ordered a new trial.

Ordered that the order is affirmed.

Contrary to the People's contention, the trial court properly granted the defendant's motion to set aside the verdict on the ground that evidence of uncharged crimes was improperly admitted into evidence (*see,* CPL 330.30 [1]). At the conclusion of a pretrial hearing, the People made an oral offer of proof of uncharged crimes to be introduced at trial through a witness, who was to testify that approximately four years after the homicide at issue, a man whom the witness recognized to be the killer came into a restaurant where the witness was working. Thereafter, this man patronized the restaurant on several occasions and engaged the witness in casual conversations. Eventually, the man offered the witness a job in his drug-trafficking business, and divulged to the witness that he robbed drug dealers of their drugs and sent the drugs to Boston.

Over defense counsel's objection that the testimony was highly prejudicial, the trial court, upon finding that the proba-

tive value of the testimony as to identity, motive, and intent outweighed any potential prejudice, ruled it admissible. However, at trial, the witness testified not only as to the statements previously ruled admissible, but, in addition, testified that the man in the restaurant also confessed that he often murdered drug dealers to obtain the drugs. In view of this additional testimony, the trial court granted defense counsel's post-conviction motion to set aside the verdict.

As a general rule, evidence of uncharged crimes is not admissible if offered only to raise an inference that a defendant is of a criminal disposition (*see, People v Hudy,* 73 NY2d 40, 54-55; *People v Molineux,* 168 NY 264). A showing must be made that such evidence is relevant to an issue other than criminal propensity (*see, People v Hudy, supra,* at 55).

The People argue that the statements were admissible on the issue of identity. However, for uncharged crime evidence to be admissible on the issue of identity, there must be clear and convincing evidence of both a unique modus operandi, and of the defendant's identity as the perpetrator of the other crime (*see, People v Robinson,* 68 NY2d 541, 550). Here, " 'the naked similarity of. [the] crimes proves nothing' " (*People v Robinson, supra,* at 549; *People v Molineux, supra,* at 316).

Under the circumstances presented here, the probative value of the witness's testimony was substantially outweighed by prejudice to the defendant (*see, People v Alvino,* 71 NY2d 233, 242; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Carr,* 208 AD2d 855). As the evidence of guilt was not overwhelming, the trial court properly granted the defendant's motion to set aside the verdict (*see, People v Elder,* 207 AD2d 498; *People v Miguel,* 146 AD2d 808).

The People's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.