■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HARVEY SPARER, Respondent. [740 NYS2d 246] —Appeal by the People from an order of the Supreme Court, Kings County (Starkey, J.), dated June 29, 2000, which granted the defendant's motion to set aside a jury verdict convicting him of endangering the welfare of a child (two counts), and to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting that branch of the defendant's motion which was pursuant to CPL 210.40 to dismiss the indictment in the furtherance of justice, and substituting therefor a provision denying that branch of the defendant's motion and reinstating the indictment; as so modified, the order is affirmed, and a new trial is ordered.

Contrary to the People's contention, the Supreme Court properly granted that branch of the defendant's motion which was to set aside the verdict on the ground that evidence of the defendant's prior bad acts was improperly admitted at trial (see generally People v Molineux, 168 NY 264). Here, because the defendant's intent could be easily inferred from the commission of the act itself, evidence of the defendant's prior uncharged acts offered to prove his intent was unnecessary and, therefore, its prejudice to the defendant outweighed its probative value (see People v Molineux, supra; People v Alvino, 71 NY2d 233; see also People v Rodriguez, 274 AD2d 593).

However, that branch of the defendant's motion which was to dismiss the indictment in the furtherance of justice was untimely because it was not made within 45 days of arraignment (see CPL 210.20 [2]; 255.20) and the defendant failed to

provide good cause for the delay (see CPL 255.20 [3]). Accordingly, the indictment is reinstated and a new trial is ordered. Santucci, J.P., Smith, S. Miller and Crane, JJ., concur.