[901 NE2d 737, 873 NYS2d 244]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT
GILES, Appellant.

Argued October 23, 2008; decided December 2, 2008

**POINTS OF COUNSEL**

*Susanna De La Pava,* New York City, for appellant. I. The trial court erred in permitting evidence of two highly prejudicial and irrelevant burglaries without proper limiting instructions. (*People v Molineux,* 168 NY 264; *People v Cook,* 42 NY2d 204; *People v Allweiss,* 48 NY2d 40; *People v Alvino,* 71 NY2d 233; *People v Vails,* 43 NY2d 364; *People v Till,* 87 NY2d 835.) II. Appellant's sentence of 20 years to life in prison was derived from New York's unconstitutional discretionary persistent felony statute. (*People v Leon,* 10 NY3d 122; *People v Rawlins,* 10 NY3d 136; *Apprendi v New Jersey,* 530 US 466; *People v Rivera,* 5 NY3d 61; *People v Rosen,* 96 NY2d 329; *Harris v United States,* 536 US 545; *Ring v Arizona,* 536 US 584; *United States v Cotton,* 535 US 625; *Sattazahn v Pennsylvania,* 537 US 101; *Blakely v Washington,* 542 US 296.)

*Robert M. Morgenthau, District Attorney,* New York City (*Frank Glaser* and *Sylvia Wertheimer* of counsel), for respondent. I. The court properly admitted evidence of the uncharged burglaries. (*People v Molineux,* 168 NY 264; *People v Thomas,* 51 NY2d 466; *People v Harris,* 98 NY2d 452; *People v Tonge,* 93 NY2d 838; *People v Russell,* 71 NY2d 1016; *People v Hutchinson,* 56 NY2d 868; *People v Mateo,* 2 NY3d 383; *People v Alvino,* 71 NY2d 233; *Matter of Codey [Capital Cities, Am. Broadcasting Corp.],* 82 NY2d 521.) II. New York's discretionary persistent felony offender statutes are not unconstitutional. (*Apprendi v New Jersey,* 530 US 466; *People v Rosen,* 96 NY2d 329; *United States v Booker,* 543 US 220; *People v Rivera,* 5 NY3d 61; *People v Rawlins,* 10 NY3d 136; *Cunningham v California,* 549 US 270.)

**OPINION OF THE COURT**

CIPARICK, J.

On November 7, 2001, at approximately 1:00 A.M., two New York City police officers patrolling in a marked car in the Upper

West Side of Manhattan observed defendant Dwight Giles standing in a doorway of a medical office "poking" at the lock with a pocketknife. When the officers confronted defendant, he fled and was apprehended after a brief chase. In response to an officer's question as to what he was doing at the door, the record indicates that defendant said, "what door?" After a search of defendant's person, the police recovered a folding knife, a wallet, a Visa card bearing the name of Frank Ballabio, a MetroCard and some other items. Inspection of the door and lock revealed fresh scratch marks.

It appears that the Visa card found on defendant had been stolen from Ballabio's home a week prior to defendant's arrest and the MetroCard had been purchased with an ATM debit MasterCard that belonged to an individual named Uri Kaufman. The ATM debit card had been stolen from Kaufman's home during a burglary that occurred approximately six days prior to defendant's arrest. Defendant was never charged with committing either burglary.

Prior to trial, the defense submitted a written motion seeking to preclude the People from introducing detailed testimony by the victims of the two home burglaries. The defense argued that:

> "[i]f the jury were to hear that these cards were each stolen during a burglary, which is the same charge as the top count here, and to hear details of these burglaries—such as the ransacked apartment Mr. Ballabio came home to find, and how Ms. Kaufman awoke in the middle of the night to surprise a man in the act of committing the burglary—'the court's limiting instruction to the jury could not cure the prejudicial effect of the objectionable testimony'."

The People argued that the evidence of the uncharged burglaries was necessary in order to prove the criminal possession of stolen property charges as the prosecution was required to establish that defendant possessed the Visa card and the MetroCard knowingly and with knowledge that they were stolen or purchased with a stolen card. Although defendant offered to stipulate that the two cards had been stolen, he never offered to stipulate that he knew they were stolen, and on that basis, the People refused to enter into the stipulation. Moreover, the People argued that defendant's possession of the stolen cards was relevant to prove an element of the attempted burglary—

that defendant intended to steal property upon gaining entry into the doctor's office.

Supreme Court allowed the People to introduce detailed testimony regarding the uncharged burglaries and further provided the following limiting instruction, without telling the jury for what purpose the evidence had been admitted or how it should evaluate it:

> "defendant is not charged with either of these two burglaries and there is no evidence that he committed these burglaries. The defendant is also not charged with stealing those cards and there is no evidence that he is the person who stole them and you are not to assume that he committed either of these two burglaries and that's the instruction I am going to ask you to follow."

The court later advised the jury that

> "you have heard evidence in this case that a credit card belonging to . . . Ballabio and ATM credit card belonging to . . . Kaufman were stolen from each of their homes. The Defendant is not charged with either of these two burglaries and there is no evidence that he committed them.

> "The Defendant is also not charged with stealing those cards. There is no evidence that he is the individual who stole them. You are not to assume that he committed either of these burglaries or that he stole either of these two cards."*

Defendant was convicted of attempted burglary in the second (Penal Law §§ 110.00, 140.25 [2]) and third degrees (Penal Law §§ 110.00, 140.20), two counts of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]) and possession of burglar's tools (Penal Law § 140.35). He was sentenced as a persistent felony offender to concurrent, indeterminate prison terms of 20 years to life imprisonment for each of the four felonies, and a definite, one-year term for possession of burglar's tools. Defendant appealed and, with two Justices dissenting, the Appellate Division affirmed (47 AD3d 88 [2007]).

Applying *People v Molineux* (168 NY 264 [1901]), the Appellate Division held that Supreme Court properly admitted evi-

---

* Defense counsel requested that a limiting instruction be given contemporaneously with the witnesses' testimony, and further requested a specific charge that the evidence be admitted solely on the question of the element of "stolen" as to the two criminal possession counts. Both requests were refused.

dence of the uncharged burglaries for both the issue of defendant's knowing possession of the stolen cards and his state of mind while attempting to burglarize the medical office. The dissenters stated that the contested evidence was neither relevant in determining whether defendant, when arrested, knew he was carrying stolen property nor whether he was intent on committing a burglary, and concluded that the evidence was unduly prejudicial. Defendant appeals pursuant to leave granted by a Justice of the Appellate Division. We now modify the order of the Appellate Division by reversing the convictions of attempted burglary in the second and third degrees and possession of burglar's tools, and remitting to Supreme Court for a new trial on these counts only.

We begin with the proposition that relevant evidence is admissible unless its admission violates some exclusionary rule. "Evidence is relevant if it has any tendency in reason to prove the existence of any material fact, i.e., it makes determination of the action more probable or less probable than it would be without the evidence" (*People v Scarola*, 71 NY2d 769, 777 [1988]). Although evidence of similar uncharged crimes may have some probative value, such evidence may not be offered to show a defendant's bad character or propensity toward committing crime (*People v Lewis*, 69 NY2d 321, 325 [1987]; *People v Alvino*, 71 NY2d 233, 241 [1987]; *People v Johnson*, 47 NY2d 785, 786 [1979]).

In *People v Molineux* (168 NY 264 [1901]), we established exceptions to the general rule by allowing evidence of uncharged crimes to be admitted if it helps to establish some element of the crime under consideration or is relevant in order to show, for example, a defendant's intent, motive, knowledge, common scheme or plan, or identity. However, when "evidence is actually of slight value when compared to the possible prejudice to the accused, it should not be admitted, even though it might technically relate to some fact to be proven" (*People v Allweiss*, 48 NY2d 40, 47 [1979]).

Here the People asserted that evidence of the uncharged burglaries was admissible to prove defendant's mens rea with respect to the stolen property charges. They argued that defendant's knowing possession of stolen property could then be used to show that, when defendant was observed attempting to enter the doctors' offices, he was presumably doing so with the intent to commit the crime of theft therein. There was no evidence, however, that defendant committed the prior burglaries,

and if the evidence as to the uncharged burglaries "has no bearing other than to show that defendant is of a criminal bent or character and thus likely to have committed the crime charged, it is excluded" (*People v Dales*, 309 NY 97, 101 [1955]).

We therefore conclude that Supreme Court erred by failing to issue a limiting instruction to cure the potential prejudicial effect of the evidence regarding the uncharged burglaries on the attempted burglary and possession of burglar's tools counts. Supreme Court should have advised the jury that it could consider the evidence for the possession of stolen property counts, but that it could not consider the prior burglaries with respect to the attempted burglary and possession of burglar's tools counts.

Defendant further argues that his sentence of 20 years to life is unconstitutional and violates his 6th and 14th Amendment rights. Since this matter is being remitted to Supreme Court for a retrial on the charges of attempted burglary in the second and third degrees and possession of burglar's tools, we need not at this time reach the issue whether the imposition of a persistent felony offender sentence unconstitutionally enhances defendant's sentence (*see Apprendi v New Jersey*, 530 US 466 [2000]; *People v Rivera*, 5 NY3d 61 [2005]). Supreme Court may, however, in the exercise of its discretion, consider resentencing as to the two remaining counts of criminal possession of stolen property in the fourth degree.

Accordingly, the order of the Appellate Division should be modified by remitting to Supreme Court for a new trial on the counts of attempted burglary in the second and third degrees and possession of burglar's tools, and for resentencing as to the two counts of criminal possession of stolen property in the fourth degree, and as so modified, affirmed.

Chief Judge KAYE and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified by remitting to Supreme Court, New York County, for a new trial on the counts of the indictment charging attempted burglary in the second and third degrees and possession of burglar's tools and for resentencing on defendant's conviction of two counts of criminal possession of stolen property in the fourth degree and, as so modified, affirmed.