THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP BARBATÒ, Appellant. [918 NYS2d 895]—

At trial, the complainant testified that the defendant choked her until her body "went limp," "everything went black," and she urinated on herself. Prior to the complainant's testimony, the People were permitted, over the defendant's objection, to introduce evidence that he had previously strangled two women in 1985 and 1988, respectively. The County Court instructed the jury that it could consider this evidence in the context of determining whether the defendant intended to cause serious physical injury to the complainant. Following the trial, the defendant was convicted of assault in the second degree. We reverse and order a new trial.

As the defendant correctly contends, the County Court erred in permitting the introduction of evidence of his prior crimes. "Although intent is one of the elements of a crime for which prior misconduct evidence may be admitted, evidence of prior misconduct to prove intent is unnecessary where intent may be easily inferred from the commission of the act itself" (*People v Vargas*, 88 NY2d 856, 858 [1996]; *see People v Alvino*, 71 NY2d 233, 242 [1987]). Here, the defendant's intent could be easily inferred from the commission of the act itself (*see People v McKinney*, 24 NY2d 180, 185 [1969]; *People v Sparer*, 293 AD2d 630 [2002]). Moreover, the defendant did not contest the element of intent before the jury but, rather, denied that he committed the assault (*see People v McKinney*, 24 NY2d at 185). Therefore, the probative value of the evidence of the defendant's prior crimes was outweighed by its prejudicial effect (*see People v Rodriguez*, 274 AD2d 593, 594 [2000]). Finally, under the circumstances, the County Court's limiting instructions were insufficient to cure the prejudice caused by the erroneous admission of this evidence (*see People v Wilkinson*, 71 AD3d 249, 257 [2010]).

Accordingly, since the error was not harmless, the judgment of conviction must be reversed and a new trial ordered. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.