THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant. [925 NYS2d 621]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Kase, J.), rendered June 1, 2010, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prose-

cution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, as the defendant correctly contends, the Supreme Court erred in permitting the introduction of evidence of a prior uncharged hand-to-hand drug transaction. This evidence was not admissible under the modus operandi or absence of mistake exceptions to the *Molineux* rule (*see People v Molineux*, 168 NY 264 [1901]). Additionally, the Supreme Court's limiting instruction was insufficient to cure the prejudice caused by the erroneous admission of this evidence (*see People v Barbato*, 82 AD3d 1112, 1113 [2011]; *People v Wilkinson*, 71 AD3d 249, 257 [2010]).

We also agree with the defendant's contention, although unpreserved for appellate review, that he was deprived of a fair trial by the jury's receipt, in the jury room, of items that were not admitted into evidence, including a marijuana bud and a bullet. These items were discovered by jurors examining the pocket of the defendant's jacket, which had been admitted into evidence. While the trial court has the discretion to allow the jurors, upon retiring to deliberate, to take with them "[a]ny exhibits received in evidence at the trial" (CPL 310.20 [1]), "no provision authorizes submission of unadmitted exhibits" (*People v Bouton*, 50 NY2d 130, 137 [1980]). "Since an unadmitted exhibit has not undergone the test of cross-examination, its consideration by the jury directly infringes on the defendant's right of confrontation" (*id*. at 137).

Under the circumstances of this case, we find that these errors were not harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Accordingly, the judgment of conviction must be reversed and a new trial ordered. Rivera, J.P., Eng, Roman and Miller, JJ., concur.