THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT GILES, Appellant. [944 NYS2d 143]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered September 10, 2009, convicting defendant, after a jury trial, of attempted burglary in the second degree and criminal possession of burglar's tools, and sentencing him, as a persistent felony offender, to an aggregate term of 20 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence for the attempted burglary conviction to a term of 15 years to life, and otherwise affirmed. Judgment of resentence, same court, (Charles H. Solomon, J.), rendered January 27, 2009, resentencing defendant, as a persistent felony offender, to a concurrent aggregate term of 20 years to life upon his conviction, after a jury trial, of two counts of criminal possession of stolen property in the fourth degree, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences to concurrent terms of 15 years to life, and otherwise affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters of strategy not reflected in the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Defendant raised one of his attacks on counsel's strategy in a CPL 330.30 (1) motion to set aside the verdict. However, that motion was procedurally defective, and "[t]o the extent the motion could be deemed a de facto or premature motion to vacate judgment pursuant to CPL 440.10, the issues raised in the motion are unreviewable since defendant failed to obtain permission from this Court to appeal" (*People v Ai Jiang*, 62 AD3d 515, 516 [2009], *lv denied* 14 NY3d 769 [2010]).

To the extent that the existing record permits review, either

standing alone or supplemented by the submissions on the CPL 330.30 (1) motion, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that either or both of counsel's alleged deficiencies fell below a objective standard of reasonableness, or that they deprived defendant of a fair trial, affected the outcome of the case, or caused defendant any prejudice.

Defendant did not preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). Any improprieties in the summation constituted harmless error (see People v Crimmins, 36 NY2d 230 [1975]). We have considered and rejected defendant's ineffective assistance claim relating to these issues.

The court's Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). In a compromise ruling that was generally favorable to defendant, the court only permitted the People to elicit part of defendant's extensive record, and only permitted those convictions to be identified as unspecified felonies.

The trial court, as well as the court that resentenced defendant on the possession of stolen property convictions following remand from the Court of Appeals (11 NY3d 495, 500 [2008]), each properly exercised its discretion in adjudicating defendant a persistent felony offender. Defendant's challenge to the constitutionality of those adjudications is unavailing (see People v Battles, 16 NY3d 54, 59 [2010]). However, we find the sentence and resentence excessive to the extent indicated. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.