THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND WRIGHT, Appellant. [924 NYS2d 396]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Forman, J.), rendered March 22, 2012, convicting him of attempted burglary in the second degree and attempted burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of attempted burglary in the second degree and attempted burglary in the third degree for allegedly attempting to enter a vacant first-floor apartment and an occupied second-floor apartment at a two-story two-family residence in Poughkeepsie. The People's evidence at trial consisted primarily of the testimony of a single eyewitness and the circumstantial evidence of a metal pry bar lodged into the back door of the first-floor apartment, another metal bar found next to that door, and damage consistent with someone trying to open that door by force.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find

that it was legally sufficient to establish the defendant's guilt of attempted burglary in the second degree and attempted burglary in the third degree beyond a reasonable doubt (*cf.* Penal Law §§ 110.00, 140.25 [2]; 140.20). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to both crimes was not against the weight of the credible evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]).

Contrary to the defendant's contention, the County Court properly denied his request to charge the jury on criminal trespass in the third degree as a lesser included offense of attempted burglary in the second degree. To establish entitlement to a charge on a lesser included offense, a defendant must show both that the greater crime cannot be committed without having concomitantly committed the lesser by the same conduct, and that a reasonable view of the evidence supports a finding that he or she committed the lesser, but not the greater, offense (*see* CPL 1.20 [37]; 300.50 [1], [2]; *People v James*, 11 NY3d 886, 888 [2008]; *People v Barney*, 99 NY2d 367, 371 [2003]; *People v Van Norstrand*, 85 NY2d 131, 135 [1995]). Here, the defendant failed to show that attempted burglary in the second degree cannot be committed without concomitantly committing criminal trespass in the third degree. Furthermore, to the extent that the defendant argues that the trial court should have charged the jury with some degree of attempted criminal trespass, the court's failure to submit such an offense to the jury "does not constitute error" since neither party requested that charge (CPL 300.50 [2]).

The defendant contends that it was error to admit into evidence the metal pry bar that was found lodged into the first-floor apartment door and the other metal bar found next to that door, as well as evidence of the damage to that door. This contention is unpreserved for appellate review, since he did not object to the admission of this evidence at trial (*see* CPL 470.05 [2]). In any event, this contention is without merit. The contested evidence was relevant to provide circumstantial proof of the defendant's guilt of attempted burglary in the third degree, as well as to provide evidence of the defendant's intent to commit burglary in the second degree (*see generally People v Giles*, 11 NY3d 495, 499 [2008]; *People v Primo*, 96 NY2d 351, 355 [2001]; *People v Scarola*, 71 NY2d 769, 777 [1988]).

Nonetheless, the defendant is entitled to a new trial because the County Court, on the People's case-in-chief, allowed the introduction of evidence of six prior crimes where the defendant was found either in possession of stolen items and burglar's tools, including pry bars, or was caught in the act of burglarizing or attempting to burglarize properties in the same area as the residence at issue here.

Evidence of another crime committed by the defendant, not charged in the indictment, is not admissible if it tends only to demonstrate the defendant's propensity to commit the crime charged and cannot logically be connected to some specific material issue in the case (see *People v Hudy*, 73 NY2d 40, 54 [1988], *abrogated on other grounds by Carmell v Texas*, 529 US 513 [2000]; *People v Alvino*, 71 NY2d 233, 241 [1987]; *People v Allweiss*, 48 NY2d 40, 46 [1979]; *People v Molineux*, 168 NY 264 [1901]). However, where the proffered evidence is relevant to some material fact in the case, other than the defendant's propensity to commit the crime charged, it is not to be excluded merely because it shows that the defendant had committed other crimes (see *People v Ventimiglia*, 52 NY2d 350, 359 [1981]; *People v Allweiss*, 48 NY2d at 47). Thus, evidence of other crimes may be admitted to show, among other things, motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the guilty party (see *People v Ventimiglia*, 52 NY2d at 359; *People v Allweiss*, 48 NY2d at 47; *People v Molineux*, 168 NY at 293). Here, the County Court granted the People's application to admit the subject evidence to establish the defendant's identity through a unique modus operandi and to establish the defendant's intent.

The identity exception to the *Molineux* rule "is used in limited circumstances, when the defendant employs some unique, unusual, or distinctive *modus operandi* in an uncharged crime that is relevant to proving his identity as the perpetrator of the crime charged" (*People v Mateo*, 93 NY2d 327, 332 [1999]). Although identity was at issue in this case (*cf. People v Agina*, 18 NY3d 600, 603 [2012]), the People failed to identify any distinctive modus operandi relevant to proving the defendant's identity as the perpetrator of the crimes charged. In order to identify the defendant by a distinctive modus operandi, "it is not sufficient to show that he has committed similar acts if the method used is not uncommon," as such a showing "would be of little probative value in determining whether he committed the crimes charged, and the prejudice would be obvious" (*People v Allweiss*, 48 NY2d at 47; see *People v Arafet*, 13 NY3d 460, 465 [2009]). The only unique characteristics identified by the People

in the subject crimes were that they all took place in the City of Poughkeepsie and "usually" involved two-story two-family houses. This can hardly be considered a distinctive mark so unique as to identify the defendant to the exclusion of others (*cf. People v Condon*, 26 NY2d 139, 144 [1970]). Evidence of the defendant's prior crimes was merely evidence of propensity, "and the *Molineux* doctrine, at its core, forbids an inference of guilt from evidence probative of no more than predisposition to a kind of behavior" (*People v Cortez*, 22 NY3d 1061, 1070 [2014]).

Nor was the subject evidence properly admitted under the intent exception to the *Molineux* rule. Evidence of prior misconduct to prove intent is unnecessary where intent may be easily inferred from the commission of the act itself (*see People v Vargas*, 88 NY2d 856, 858 [1996]; *People v Alvino*, 71 NY2d at 242; *People v Barbato*, 82 AD3d 1112 [2011]). Under the circumstances here, the defendant's intent could be easily inferred from his acts alone (*cf. People v McKinney*, 24 NY2d 180, 185 [1969]; *People v Billups*, 45 AD3d 1176, 1177 [2007]; *People v Sparer*, 293 AD2d 630 [2002]). Moreover, the defendant did not contest the element of intent before the jury, but rather, denied that he was the person who attempted the burglaries (*see People v McKinney*, 24 NY2d at 185; *People v Barbato*, 82 AD3d 1112 [2011]; *compare People v Alvino*, 71 NY2d at 243; *People v Hernandez*, 71 NY2d 233, 245 [1987]; *People v Carter*, 50 AD3d 1318, 1322 [2008]; *People v Bourne*, 46 AD3d 1101, 1103 [2007]). The evidence therefore was improperly ruled admissible.

We agree with the defendant that he was deprived of a fair trial by the improper admission of the evidence of the six prior similar crimes (*see generally People v Crimmins*, 36 NY2d 230, 237-238 [1975]). The record shows that the People prosecuted the defendant not on the strength of the evidence against him, but on the strength of his prior record and propensity to commit this sort of crime. In his opening remarks to the jury, the prosecutor told the jurors that they would hear evidence of the defendant's prior crimes, which would help them to "conclude that he is the person who did this crime based on similar behavior that he's done before." This theme of propensity was carried throughout the trial and reiterated in the People's summation. "The very fact that it is much easier to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime proves the dangerous tendency of such evidence to convict, not upon the evidence of the crime charged, but upon the superadded evidence of the previous crime" (*People v Molineux*, 168 NY at 313). The preju-

dice to the defendant was so great here that it deprived him of the right to a fair trial. Consequently, the defendant is entitled to a new trial.

In addition, as the issue is likely to arise in the new trial, we agree with the defendant that the County Court improvidently exercised its discretion in determining that, if the defendant chose to testify at trial, he could be asked about nine out of the 10 crimes he had committed within the past 10 years, most of which were crimes of theft, and could be asked about the underlying facts of the six crimes that were similar in nature to the crimes charged. Crimes of theft "will usually have a very material relevance" as to the defendant's credibility and, therefore, may generally be used on cross-examination to impeach the credibility of a testifying defendant who is on trial for another similar charge, "notwithstanding the risk of possible prejudice, because the very issue on which the offer is made is that of the veracity of the defendant as a witness in the case" (*People v Sandoval*, 34 NY2d 371, 377-378 [1974]). However, the trial court must strike a proper balance between the probative value of the proffered evidence on the issue of the defendant's credibility and the danger of prejudice to the defendant (*see id.* at 375). Here, the court's *Sandoval* ruling was more damaging to the defendant than was appropriate or necessary for the jury's evaluation of his credibility. Upon remittal, the court should strike a proper balance that considers the risk of undue prejudice to the defendant resulting from the use of such a volume of similar prior crimes for impeachment purposes, and whether the underlying facts, which are so similar in nature to the crimes charged here, are necessary for a proper evaluation of the defendant's credibility (*see People v Brothers*, 95 AD3d 1227, 1229 [2012]; *People v Bowles*, 132 AD2d 465, 466-467 [1987]).

In light of our determination, we need not reach the defendant's contention that the sentence imposed was excessive. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.