◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAUREAN REID, Appellant. [30 NYS3d 335]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered July 23, 2013, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was deprived of his right to a fair trial. CPL 310.20 (1) provides, "[u]pon retiring to deliberate, the jurors may take with them: . . . Any exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take." Here, the defendant's written statement was admitted into evidence at trial, but the parties agreed to redact the statement so as to omit a portion of it indicating, in part, that the defendant's girlfriend "attempted to say I [the defendant] raped her [the defendant's girlfriend]." The parties further agreed that they would return to court before the jury received that exhibit. The redacted portion of the statement was unrelated to the robbery for which the defendant was standing trial. However, in violation of CPL 310.20 (1) and the parties' express agreement, the defendant's statement was mistakenly provided to the jury, without the attorneys having been notified first, and without the statement having been fully redacted (see People v Bouton, 50 NY2d 130, 137 [1980]; People v Allen,

85 AD3d 1042, 1043 [2011]). Instead of granting the defense attorney's motion for a mistrial, as it should have done in view of the highly prejudicial nature of the redacted portion of the statement, the Supreme Court gave an instruction regarding the statement that was ineffectual in curing the prejudice. "The right to a fair trial is self-standing," and where error operates to deprive the defendant of a fair trial, an appellate court "must reverse the conviction and grant a new trial, quite without regard to any evaluation as to whether the errors contributed to the defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 238 [1975]). Since the errors in this case were so egregious as to deprive the defendant of his right to a fair trial, we reverse the judgment of conviction and order a new trial (*see People v Crimmins*, 36 NY2d at 238).

In light of our determination, we need not reach the defendant's remaining contentions. Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.