People v Forbes (2018 NY Slip Op 07532)





People v Forbes


2018 NY Slip Op 07532


Decided on November 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2018

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7548 3533/14

[*1]The People of the State of New York, Respondent,
v
James Forbes, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Patterson Belknap Webb & Tyler LLP, New York (Clinton W. Morrison of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sabrina Margret Bierer of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at severance motion; Patricia M. Nuñez, J. at jury trial and sentencing), rendered September 15, 2015, convicting defendant of burglary in the third degree and four counts of grand larceny in the fourth degree, and sentencing him, as a persistent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.
Defendant's severance motion was properly denied. The counts relating to the two incidents, both involving theft, were properly joined pursuant to CPL 200.20(2)(b) based on mutually admissible evidence to demonstrate identity, which was neither expressly conceded nor "clearly established" (see People v Condon , 26 NY2d 139, 142 [1970]). Although the two crimes did not involve a unique modus operandi, the surveillance videotapes of the two incidents nevertheless provided strong evidence that they were committed by the same person and were highly probative of defendant's identity under the circumstances of the case (see e.g . People v Laverpool , 267 AD2d 93, 94 [1st Dept 1999], lv denied 94 NY2d 904 [2000]). Furthermore, as the court implicitly determined, the probative value outweighed any potential for prejudice, and the court provided suitable limiting instructions. In any event, the counts were also properly joined as legally similar pursuant to CPL 200.20(2)(c), and defendant failed to make a sufficient showing for a discretionary severance pursuant to CPL 200.20(3). Finally, we conclude that any error in denying severance was harmless in light of the overwhelming evidence of defendant's guilt as to both incidents (see People v Crimmins , 36 NY2d 230 [1975]).
Still photographs from a restaurant surveillance videotape, showing defendant present in the restaurant approximately two months before one of the charged crimes was committed there, were relevant to prove that defendant was familiar with the layout of the restaurant and that he did not mistakenly believe he was permitted to enter the "employees only" basement. However, the accompanying testimony of the restaurant owner, strongly suggesting that defendant had committed a crime on the earlier occasion, should have been excluded. Nevertheless, this brief and limited testimony, the prejudicial effect of which was minimized by the court's appropriate limiting instructions, was similarly harmless.
The court providently exercised its discretion in sentencing defendant as a persistent felony offender, particularly in light of his very extensive criminal record.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 8, 2018
CLERK