People v Johnson (2020 NY Slip Op 05927)





People v Johnson


2020 NY Slip Op 05927


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-14109
 (Ind. No. 448/17)

[*1]The People of the State of New York, respondent,
v
Lawrence C. Johnson, appellant.


Matthew W. Brissenden, Garden City, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Andrew C. Crecca, J.), rendered November 20, 2018, as amended February 22, 2019, convicting him of criminal contempt in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
In March 2015, a Suffolk County Child Protective Services agency (hereinafter CPS) caseworker was assigned to supervise the defendant, his then-girlfriend (hereinafter the mother), and her two children, one of whom was fathered by the defendant. Subsequently, on November 16, 2015, an order of protection was issued directing the defendant to stay away from the mother and their child until November 16, 2020. After the CPS caseworker reported seeing the defendant with the mother and their child during that period, the defendant was indicted for two counts of criminal contempt in the first degree for violating the stay-away order of protection.
During the trial, the prosecution presented the testimony of the CPS caseworker. The CPS caseworker testified that, in the evening of August 8, 2016, while in his car on his way to an unannounced visit to the mother's home in Ronkonkoma between 5:30 p.m. and 6:00 p.m., he observed the defendant walking down the street towards a playground with the mother and her two children in the vicinity of the mother's apartment complex. The CPS caseworker also testified that, when he turned his car around, he no longer saw the defendant with the mother and her children, although the mother and her children were still there, and, upon parking, he could not find the defendant. The CPS caseworker further testified that he then called the 911 emergency number to report that the defendant had violated the stay-away order of protection after speaking with his supervisor to report the violation. In his written statement to the police, the CPS caseworker stated that the events of that evening took place at approximately 6:40 p.m.
The CPS caseworker was asked to identify two compact discs which each contained a recording of his 911 call. He stated that, on the face of each disc, he wrote his initials and the date on which he listened to each disc. The CPS caseworker further testified that he had listened to the compact discs and that such recording was a fair and accurate recording of the call he made. The People then offered the two compact discs of the recording of the 911 call into evidence based upon this testimony. Upon the proffer of the compact discs into evidence, the Supreme Court directed that they both be shown to defense counsel. Defense counsel offered no objection to their admission into evidence. After the compact discs were marked into evidence, the 911 call was played for the jury.
The two compact discs were in plain white envelopes and were physically identical. However, the face of one of the compact discs contained, in addition to the CPS caseworker's initials and the date on which he listened to the recording, various writings and markings which included what appeared to be the date and time of the 911 call, August 8, 2016, and "18:42.09," the criminal case number which appeared in two separate places, a search number, and the name of an assistant district attorney.
In contradiction to the CPS caseworker's testimony, the defendant presented his own
testimony that he was visiting his friend's jewelry store in Deer Park between 5:00 p.m. and 6:00 p.m. on August 8, 2016, did not know where the mother lived at that time, and had ceased all contact with the mother prior to that date. The defendant also called the mother as a witness who testified that she did not see the defendant on August 8, 2016, that she observed the CPS caseworker drive his vehicle past her on August 8, 2016, and that, despite anticipating that the CPS caseworker was going to visit her since he was in the vicinity of her home, the caseworker did not come to visit her or her children that evening. The defendant's friend testified as the defendant's alibi witness that the defendant entered his jewelry store at approximately 5:30 p.m. or 6:00 p.m. and stayed for approximately 45 minutes to an hour. The defendant's friend acknowledged providing a statement to the police that the defendant came to visit the store between 6:00 p.m. and 7:00 p.m.
While deliberating, the jury asked, inter alia, to hear the recording of the 911 call and for information about the time the caseworker made the 911 call. Outside of the jury's presence, defense counsel requested that the jury be informed that there was no information in the record as to the time of the call. In addition, defense counsel argued that the time printed on the face of one of the compact discs may not have been accurate since there was no testimony verifying that information. While defense counsel conceded that the compact discs were in evidence, he maintained that he did not know that a time was written on the face of one of them. The County Court noted that defense counsel had been provided with copies of the compact discs during discovery and, during trial, had been shown the compact discs prior to them being admitted into evidence. The court then explained that it intended to tell the jury that no specific time had been testified to but that the compact discs were available for their inspection if they wanted to see them thereby leaving it to the jury to request the physical compact discs. Defense counsel acknowledged that this was a "compromise" and did not object to the court's approach.
The County Court then played the 911 recording for the jury in open court and informed the jurors that the court reporter could not find any testimony of the exact time of the 911 call. Over the defendant's earlier objection, the court also advised the jury that the compact discs containing the recording of the 911 call had been marked into evidence and were available for the jurors to view. Ultimately, the jurors requested to see the compact discs, which included the markings made on the compact discs.
Shortly after receiving the compact discs, the jury found the defendant guilty of both counts of criminal contempt in the first degree. Thereafter, the defendant moved, pursuant to CPL 330.30 to set aside the verdict on the basis that the jury improperly relied upon the written information printed on the face of the 911 compact discs. The County Court denied the defendant's motion without a hearing. The defendant appeals.
Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the People's contention, the defendant preserved for appellate review his contention that the County Court should not have permitted the jury to consider the information printed on one of the compact discs (see CPL 470.05[2]). However, the defendant's contention is without merit. A trial court has the discretion, pursuant to Criminal Procedure Law 310.20(1), to allow the jury to view any exhibit received in evidence at trial. While "no provision authorizes submission of unadmitted exhibits" (People v Bouton, 50 NY2d 130, 137; see People v Allen, 85 AD3d 1042, 1043), here, the compact discs, along with the writing on them, were admitted as a whole and without limitation. Defense counsel, who had received copies of the compact discs prior to trial during discovery, was shown the compact discs during trial and consented to their admission into evidence. The writing on the compact discs was thereby admitted into evidence as part of them (see CPL 310.20[1]).
Moreover, we agree with the County Court's denial, without a hearing, of the defendant's motion pursuant to CPL 330.30(1) to set aside the verdict inasmuch as the court had all of the relevant information needed to make a determination on the merits of the motion (see People v Friere, 168 AD3d 973, 974; People v Strong, 70 AD3d 865, 866).
The defendant's remaining contention is without merit.
AUSTIN, J.P., ROMAN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court