# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1157

KA 08-01429

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

NORMAN BOUNDS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 25, 2008. The judgment convicted defendant, upon a jury verdict, of intimidating a victim or witness in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of intimidating a victim or witness in the third degree (Penal Law § 215.15), defendant contends that he was deprived of a fair trial by prosecutorial misconduct. Specifically, defendant contends that the prosecutor engaged in misconduct by arranging for the arrest of a woman who was in the courthouse waiting to testify on defendant's behalf, thereby interfering with his right to present a defense. We reject that contention. It is well settled that "[d]ue process may be violated when the prosecution's conduct deprives a defendant of exculpatory testimony . . . [,but the prosecution's] conduct is not a deprivation of a defendant's right to call witnesses where the proposed evidence is not shown to be exculpatory" (*People v Dixon*, 93 AD3d 894, 895 [internal quotation marks omitted]). Here, because defense counsel decided not to call the woman as a witness, it has not been established that her testimony, if given, would have been exculpatory. Moreover, inasmuch as the arrest of the potential witness was clearly lawful—indeed, defendant does not dispute that fact and instead challenges the timing of the arrest—we perceive no basis to conclude that the prosecutor acted improperly by having the witness arrested before she was able to testify. Although defendant had a right to call the woman as a witness, the police were not obligated to wait until after she testified to place her under arrest.

Defendant's further contention that he was deprived of a fair

trial by an improper comment made by the prosecutor during his summation is unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, that contention lacks merit.  Finally, although we agree with defendant that County Court erred in admitting in evidence a stun gun found in the vehicle that defendant was driving a day after the charged crimes were committed, we conclude that the *Molineux* error is harmless (*see People v Talyor*, 97 AD3d 1139, 1141, *lv denied* 19 NY3d 1029; *People v Baker*, 21 AD3d 1435, 1436, *lv denied* 6 NY3d 773).  The proof of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted if the stun gun had not been admitted in evidence (*see generally People v Kello*, 96 NY2d 740, 744; *People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court