■ The People of the State of New York, Respondent, v Yahya Abdul-Aleem, Appellant. [20 NYS3d 153]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered April 30, 2012, convicting him of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In 2003, the defendant pleaded guilty to criminal sale of a controlled substance in the fifth degree, for which he received a sentence of five years' probation. He was arrested again in February 2006 for drug-related activity and released, but failed to appear in court on August 8, 2006. Two years later, the defendant was rearrested in West Virginia. He was then returned to New York to stand trial on charges in connection with the murder of Stanley Pierre-Paul, which occurred on August 6, 2006. On November 20, 2008, the defendant pleaded guilty to bail jumping in the second degree.

The defendant was convicted of murder in the second degree and related charges. On appeal, the defendant contends that he was denied a fair trial as a result of the Supreme Court's *Molineux/Sandoval* ruling (*see People v Molineux*, 168 NY 264 [1901]; *People v Sandoval*, 34 NY2d 371 [1974]). After a combined *Molineux/Sandoval* hearing, the People were permitted to introduce evidence showing that on August 8, 2006, two days after the subject murder, the defendant failed to appear in court in connection with the then-pending 2003 and 2006 cases, the prison terms he faced on each of those cases, and that he subsequently pleaded guilty to bail jumping. The People were also permitted to elicit evidence that while in West Virginia, on November 25, 2006, and June 14, 2008, the defendant used an alias.

A person's post-crime behavior is often relevant because the behavior provides clues to the person's state of mind (*see People v Jackson*, 125 AD3d 1002 [2015]). Use of an alias is evidence of consciousness of guilt (*see People v Miller*, 123 AD2d 721 [1986]). Here, evidence that the defendant used an alias while in West Virginia was properly introduced into evidence. However, evidence of prior bad acts is not admissible unless such evidence is offered for some purpose other than to show the defendant's bad character or to raise an inference that the defendant has a criminal propensity (*see People v Allweiss*, 48 NY2d 40, 46-47 [1979]; *People v Molineux*, 168 NY at 291-294). Here, evidence that there were two criminal cases pending against the defendant and that he pleaded guilty to bail jumping was improperly admitted. Nonetheless, under the circumstances of this case, the evidence was not so prejudicial as to deny the defendant a fair trial. Any potential for prejudice was offset by the jury charge, which emphasized that uncharged crimes were not to be considered proof of propensity to commit the crimes charged (*see People v Morris*, 21 NY3d 588, 598 [2013]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (*see* CPL 470.05 [2]). Balkin, J.P., Hall, Duffy and LaSalle, JJ., concur.