■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARTINEZ, Appellant. [48 NYS3d 733]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 10, 2014,

convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of uncharged crimes is not admissible if offered only to raise an inference that a defendant is of a criminal disposition (*see People v Dorm*, 12 NY3d 16, 19 [2009]). Nonetheless, evidence of uncharged crimes may be admitted to prove the specific crime charged when it tends to establish, inter alia, "(1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; [or] (5) the identity of the person charged with the commission of the crime on trial" (*People v Molineux*, 168 NY 264, 293 [1901]; *see People v Ventimiglia*, 52 NY2d 350 [1981]). "[T]he decision whether to admit evidence of defendant's prior bad acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice" (*People v Dorm*, 12 NY3d at 19).

Here, a witness's testimony that the defendant had committed a prior, uncharged crime was improperly admitted by the trial court (*see People v Scaringe*, 137 AD3d 1409 [2016]; *People v Wright*, 121 AD3d 924 [2014]). Nevertheless, under the circumstances of this case, the evidence was not so prejudicial as to deny the defendant a fair trial (*see People v Abdul-Aleem*, 133 AD3d 867 [2015]), and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's convictions (*see People v Scaringe*, 137 AD3d 1409 [2016]; *People v Bounds*, 100 AD3d 1523 [2012]; *People v McCarthy*, 293 AD2d 490 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.