■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTWAN PRINCE, Appellant. [60 NYS3d 438]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered May 14, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"The People may not rely on prior bad acts as evidence of a defendant's propensity to commit the crimes charged" (*People v Frankline*, 27 NY3d 1113, 1115 [2016], citing *People v Molineux*, 168 NY 264 [1901]). When such evidence, however, is directly relevant to some material issue other than the defendant's propensity to commit the crime charged, it may be admissible only if the proponent of the evidence can identify such a material issue and the probative value of the evidence outweighs its potential prejudice to the defendant (*see People v Morris*, 21 NY3d 588, 594 [2013]; *People v Cass*, 18 NY3d 553, 560 [2012]; *People v Sheehan*, 105 AD3d 873, 875 [2013]). Weighing the evidence's probative value against its potential prejudice to the defendant is entrusted to the trial court's discretion (*see People v Morris*, 21 NY3d at 595; *People v Alvino*, 71 NY2d 233, 242 [1987]). "If the evidence is actually of slight value when compared to the possible prejudice to the accused, it should not be admitted, even though it might technically relate to some fact to be proven" (*People v Allweiss*, 48 NY2d 40, 47 [1979]).

Here, the defendant was found in an apartment, which was not his home or place of business, in possession of a loaded and operable revolver for which he did not have a license or a permit. A witness's testimony as to the illegal nature of the activity allegedly occurring in the apartment had only slight probative value, if any, which, in any event, was outweighed by the possible prejudice to the defendant. As such, the Supreme Court should not have ruled that testimony admissible (*see People v Ventimiglia*, 52 NY2d 350, 360 [1981]; *People v Allweiss*, 48 NY2d at 47; *People v Tucker*, 102 AD2d 535, 537-538 [1984]). Nevertheless, the defendant was not deprived of a fair trial. The testimony at issue, a brief and isolated remark upon which the People did not rely either in their opening statement or summation, was not so prejudicial as to warrant a new trial (*see People v Martinez*, 148 AD3d 826, 827 [2017]; *People v Abdul-Aleem*, 133 AD3d 867, 868 [2015]). Moreover, any other error in this regard was harmless, inasmuch as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Martinez*, 148 AD3d at 826), particularly in light of the fact that the court twice explicitly instructed the jury on the limited use it could make of the testimony (*see People v Tosca*, 98 NY2d 660, 661 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.