People v Duncan (2020 NY Slip Op 07090)





People v Duncan


2020 NY Slip Op 07090


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2016-04751
 (Ind. No. 2149/14)

[*1]The People of the State of New York, respondent,
v
John Duncan, appellant.


Janet E. Sabel, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Sullivan & Cromwell LLP [Joshua D. Tannen] of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram, J.), rendered April 18, 2016, convicting him of burglary in the first degree as a sexually motivated felony, robbery in the first degree as a sexually motivated felony, attempted rape in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of attempted rape in the first degree under count seven of the indictment, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on that count of the indictment.
The defendant was convicted, after a jury trial, of, among other things, robbing and sexually assaulting the complainant in the stairwell of the Brooklyn apartment building in which she lived, after following her from a grocery store. The complainant did not see her attacker's face, but provided a physical description of the perpetrator, which led to the arrest of the defendant. Following a pre-trial hearing, pursuant to People v Molineux (168 NY 264), the Supreme Court permitted the People to present evidence on their case in chief at trial pertaining to the defendant's convictions for robbery and sexual assault in 1990.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]) beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). From the evidence presented, a jury could logically conclude that the defendant intended to engage in sexual intercourse with the complainant by forcible compulsion, and that he came dangerously close to the completion of that act (see People v Clyde, 18 NY3d 145, 155; People v Kassebaum, 95 NY2d 611, 618). Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict convicting the defendant of attempted rape in the first degree was not against the weight of the evidence (see People [*2]v Romero, 7 NY3d 633, 643).
However, the Supreme Court erred in permitting the People to present Molineux evidence at trial pertaining to the defendant's convictions for a robbery and sexual assault in 1990. "[E]vidence of other crimes may be admitted to show motive, intent, the absence of mistake or accident, a common scheme or plan or the identity of the guilty party" (People v Allweiss, 48 NY2d 40, 47, citing People v Molineux, 168 NY at 293). Evidence of a defendant's uncharged crimes may be admitted to establish the defendant's identity where the same has not been "conclusively established" by other evidence (People v Allweiss, 48 NY2d at 47; see People v Littlejohn, 112 AD3d 67, 73-74), and where it is demonstrated by clear and convincing evidence that the defendant is the same person who committed the other crimes (see People v Robinson, 68 NY2d 541, 548-550). This exception "is used in limited circumstances, when the defendant employs some unique, unusual, or distinctive modus operandi in an uncharged crime that is relevant to proving his identity as the perpetrator of the crime charged" (People v Mateo, 93 NY2d 327, 332; see People v Beam, 57 NY2d 241, 253).
Here, contrary to the People's contention, the similarities between the alleged 1990 robbery and sexual assault and the attack on the complainant were not sufficiently unique or unusual and did not establish a distinctive modus operandi relevant to establishing the defendant's identity as the perpetrator in this case. While both incidents involved robberies and sexual assaults of unaccompanied Caucasian women, during daytime hours, in the lobbies of residential buildings, these similarities were not so unique as to give rise to an inference that the perpetrator of each crime was the same individual (see People v Littlejohn, 112 AD3d at 76-77; see also People v Wright, 121 AD3d 924, 927). Accordingly, the Supreme Court erred in permitting the People to present evidence regarding the 1990 robbery and assault in order to establish the defendant's identity (see People v Littlejohn, 112 AD3d at 77; see also People v Martinez, 148 AD3d 826, 827).
The error was harmless as to all of the charges except the attempted rape in the first degree since the proof of the defendant's guilt, without reference to the erroneously admitted Molineux evidence, was overwhelming as to those other charges, and there was no reasonable possibility that the jury would have acquitted the defendant on those charges had it not been for the error (see People v Crimmins, 36 NY2d 230, 237; People v Littlejohn, 112 AD3d at 77). Furthermore, the erroneous admission of the Molineux evidence did not deprive the defendant of a fair trial (see People v Crimmins, 36 NY2d at 237-238; People v Littlejohn, 112 AD3d at 77). We reach a different conclusion with respect to the defendant's conviction of attempted rape in the first degree. Because the evidence of the defendant's guilt of that charge was not overwhelming, the error cannot be deemed harmless, and the defendant's conviction of that charge must be vacated and a new trial ordered as to that charge (see People v Crimmins, 36 NY2d at 237; see also People v Myers, 22 NY3d 1010, 1011).
The sentence imposed on the defendant's remaining convictions was not excessive.
The defendant's remaining contention in his pro se supplemental brief is without merit (see People v Keen, 94 NY2d 533, 538-539).
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court